RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MAR − 7  2008

TRUSTEES OF THE NATIONAL ELEVATOR
INDUSTRY PENSION FUND
19 Campus Boulevard, Suite 200
Newtown Square, PA 19073-3288

              Plaintiffs,

v.

DALLAS CAVINESS
1554 Sequoia Trail
Helena, Alabama 35080

And

D.C.
███████████
c/o Rhonda Caviness
1554 Sequoia Trail
Helena, Alabama 35080

And

ROBERT W. CAVINESS
Box 132J
RT1
Alexander City, Alabama 35010

              Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

CIVIL ACTION NO.

2:08 cv 162 -MEF

## PLAINTIFFS' ORIGINAL COMPLAINT IN INTERPLEADER

1.      This Court has jurisdiction of this action under Section 502 of the Employee Retirement Income Security Act of 1974 (as amended) (hereinafter "ERISA"), 29 U.S.C. §1132. This is an action in Interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure, 28 U.S.C.§1335, filed against the Defendants who claim competing interests to the same funds held by the Plaintiff Trustees.

2.      The Plaintiffs are the Board of Trustees of the National Elevator Industry Pension Fund (hereinafter the "Fund"). The Fund is a multi-employer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§1002(3) and (37). The Fund is established and maintained according to the provisions of an Agreement and Declaration of Trust. The Fund is administered by the Trustees of the National Elevator Industry Pension Fund, 19 Campus Blvd., Suite 200, Newtown Square, Pennsylvania 19073-3288.

3.      The late George W. Caviness, Jr. was a Participant in the NEI Pension Fund on his death on January 25, 2007.

4.      The Defendant Dallas Caviness is the adult son of the deceased Participant. Dallas Caviness resides at 1554 Sequoia Trail, Helena, Alabama 35080-3824. Dallas Caviness is represented by John W. Dodson, Esq., Ferguson, Frost & Dodson, LLP, 2500 Action Road, Suite 200, Birmingham, Alabama 35243.

5.      The Defendant D. C. ███████ is the minor son of the deceased Participant. D.C. ███████ resides with his mother, Rhonda Caviness Pierce, at 1554 Sequoia Trail, Helena, Alabama 35080-3824. Devin Caviness is represented by John W. Dodson, Esq., Ferguson, Frost & Dodson, LLP, 2500 Action Road, Suite 200, Birmingham, Alabama 35243.

6.      The Defendant Robert W. Caviness is the brother of the deceased Participant. Robert W. Caviness resides at Box 132J, Route 1, Alexander City, Alabama 35010. Robert Caviness is represented by Terrie Biggs, Esq., Capell & Howard, P.C., 150 South Perry Street, Montgomery, Alabama 36102-2069.

7.      Rhonda Caviness (nka Rhonda Caviness Pierce) and the deceased Participant divorced on February 23, 2004.

8.      This is an action for Interpleader over competing claims to a pension benefit provided

2

by the Plaintiffs. The pension benefit is governed by ERISA, 29 U.S.C. §1001, *et seq.* This court has jurisdiction over this action pursuant to 28 U.S.C.§1331.

9.      Venue is proper in this Judicial District and Division pursuant to 28 U.S.C. §1397 because one or more of the claimants reside within this district.

10.      The Caviness's Final Judgment of Divorce incorporates the Agreement of the Parties, which provides in paragraph 7(e):

> The parties agree that each has made a full and fair disclosure of any assets, real and personal, vested in either of them, and each shall take sole title to and possession of all items of personal property currently in his or her name or belonging solely to him or her (and not specifically referred to in this agreement), including, without limitation, cash, checking and savings accounts, jewelry, securities, IRA's, KEOGH's, and/or pension and profit sharing plans, partnerships, business interests, insurance policies and the like, and each hereby renounces any interest that he or she may have in property vested in the other.

A copy of the Divorce Decree is attached as Exhibit 1.

11.      The NEI Pension Plan, Section 6.04 (a), provides:

> Upon the death of an Employee who is vested, is unmarried on the date of his death and who dies while working in Covered Employment or is absent from Covered Employment on his death due to Total Disability (as defined in Section 1.26) or to a layoff not exceeding 24 months, the Employee's designated beneficiary will receive a Pre-Retirement Death-In-Service Benefit. . . .

The deceased Participant was vested and laid off on September 26, 2006. As such, he met the requirements for a Pre-Retirement Death-in-Service Benefit to be payable to his designated beneficiary under Section 6.04 (a).

12.      Section 6.04(b)(1) of the NEI Pension Plan provides:

> For purposes of this Section only, the Employee's designated beneficiary must be an individual; it may not be the Employee's estate, nor a trust nor more than one individual. The Employee may name the designated beneficiary to receive benefits under this Section by filing the designation in writing with the Trustees on a form prescribed by the Trustees. The Employee has the right to change his designated beneficiary at any time. Any designation or change shall be effective upon receipt by

3

the Trustees prior to the death of the Employee. Designation of a new Beneficiary revokes all prior designations. The designation of an Employee's spouse as the beneficiary is automatically revoked if the marriage is later dissolved. If the Employee wishes to name his or her former spouse as beneficiary, a new beneficiary designation form must be completed and submitted after the effective date of the dissolution marriage. It shall be the responsibility of the individual who claims to be the designated beneficiary to demonstrate that a designation or change has been so received by the Trustees if Fund records do not reflect such designation or change.

13.     Section 6.04(b)(2) of the NEI Pension Plan provides:

Upon the death of an Employee whose primary designated beneficiary has predeceased him or whose beneficiary designation was revoked under (b)(1), above, amounts otherwise payable to the designated beneficiary shall be paid to the alternate designated beneficiary on the Designation Form on record with the Fund, if any. If there is no such alternate designated beneficiary or the alternate designated beneficiary has predeceased the Employee or the Employee has not filed a Designation Form with the Pension Fund, the death benefit shall be paid to the first primary beneficiary listed on the Employee's Designated Beneficiary form for life insurance benefits from the National Elevator Industry Health Benefit Plan. If no such Designated Beneficiary exists, according to National Elevator Industry Health Benefit Plan records, as of the Employee's date of death, there shall be no Pre-Retirement Death-in-Service Benefit payable by the Fund on behalf of the Employee.

14.     At the time of the death of the Participant George W. Caviness, Jr., there was no designated beneficiary form on file with the NEI Pension Fund.

15.     The deceased Participant named his brother, Robert W. Caviness, a defendant, as his sole beneficiary for any benefits due from the NEI Pension and Health Benefit Plans pursuant to the last Enrollment and Information Changes Form ("Form") filed with the NEI Benefits Office by the deceased Participant George Caviness. The Form is dated December 13, 2004. A copy of the Form is attached as Exhibit 2.

16.     The ex-spouse of the deceased Participant, Rhonda Caviness, has requested the pension benefit payable by the Fund be paid to the two children of the Participant and his ex-spouse, D.C. and Dallas Caviness. The Defendant Robert Caviness has also requested payment of the pension benefit.

4

17.    The Fund notified the deceased Participant's ex-spouse and the Participant's brother of their competing claims.

18.    These claims are adverse and conflicting. Plaintiffs are unable to decide to whom they should pay any benefits payable. With respect to said sums, Plaintiffs are in the position of an innocent stakeholder faced with the possibility of double liability and costs incidental thereto.

19.    Plaintiffs neither have, nor claim, any interest in said sums, and have, at all times, been willing to pay the same to such person as is lawfully entitled thereto.

20.    Plaintiffs have in no way colluded with any of the Defendants concerning the matters of this cause. Plaintiffs are not in any manner indemnified by any of said Defendants. Plaintiffs have filed this Complaint in Interpleader of their own free will to avoid double liability and unnecessary suits and the costs incident thereto.

21.    Plaintiffs have deposited the sum of $15,589.981, which represents the portion of the Pre-Retirement Death-in-Service Benefit payable since the Participant's death, for the months February 2007 through March 2008. The Pre-Retirement Death-in-Service Benefit is payable for 10 years, from February 2007 to January 2017, or until the death of the designated beneficiary, whichever occurs first. The Plaintiffs will deposit with the Court on a monthly basis the amount of $1,113.57 until the earlier of the resolution of the matter by the Court or the expiration of the 10 year period under the terms of the Plan. If the Court resolves the matter prior to the expiration of the 10-year period, the Fund will start making payments to the beneficiary as determined by the Court until the earlier of the beneficiary's death or the expiration of the 10-year period.

WHEREFORE, Plaintiffs request that Defendants be cited to appear and answer herein, interpleading their conflicting claims to the sums now deposited with the Court, and to settle themselves their respective rights to the sums deposited with the Court, and on final trial hereof,

5

that Plaintiffs:

A.    Be released and discharged from all liability to Defendants on account of the matters relating to that herein;

B.    Each of the Defendants be restrained and enjoined from instituting or further prosecuting any action against the Fund involving the subject matter of this controversy.

C.    For such other and further relief, general or specific, in law or in equity, to which they may be justly entitled.

DATE: March 6, 2008

Respectfully submitted,

George N. Davies
Alabama Bar No. ASB-3923-A63G

Nakamura, Quinn, Walls, Weaver & Davies LLP
Lakeshore Park Plaza, Suite 130
2204 Lakeshore Drive
Birmingham, AL  35209-6701
(205) 870-9989 - telephone
(205) 803-4143 - facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h) this 6th day of March, 2008 on the following:

> Secretary of the Treasury
> 15th. and Pennsylvania Ave., N.W.
> Washington, DC 20220
> ATTN: Employee Plans
>         Internal Revenue Service
>
> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, DC 20002
> ATTN: Assistant Solicitor
>         for Plan Benefits Security

George N. Davies

EXHIBIT 1

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA
DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| RHONDA R. CAVINESS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| VS. | ) | DR 2003 857 HBH |
| | ) | |
| GEORGE W. CAVINESS, JR., | ) | |
| | ) | |
| DEFENDANT. | ) | |

## AGREEMENT OF THE PARTIES

WHEREAS, Rhonda R. Caviness, hereinafter referred to as "Wife," has filed a

Bill of Complaint for Divorce against George W. Caviness, Jr., hereinafter referred to as

"Husband," in the Circuit Court of Shelby County, Alabama, and

WHEREAS, the parties have agreed with each other as to the settlement of their

affairs and have expressed the desire that this Agreement be made a part of any final

judgment of divorce which may be rendered in this cause,

IT IS, THEREFORE, agreed and understood by and between the parties as

follows:

1.    **Custody.**

(a)    The Wife shall have the care, custody and control of the minor

children of the marriage, namely, Dallas Caviness, 18 years of age, d.o.b. August 21,

1985 and ▮▮▮▮▮▮▮▮▮▮▮▮, 12 years of age, d.o.b. April 2, 1991.

(b)    It is the intention of the parties that the minor children have free

and open access to both parents; they shall foster that access by permitting and

Caviness v. Caviness DR 03 857 HBH
Agreement of the Parties
Page 1 of 7

Initials

From: unknown    Page: 8/19    Date: 3/6/2007 10:13:19 AM

encouraging open communication and encouraging the minor children to spend time with both parents in accordance with the wishes of the minor children.

2.    Child Support and Income Withholding Order.

(a)    Husband shall pay to Wife Four Hundred Eighty Eight and 00/100 Dollars ($488.00) per month for the support and maintenance of the minor child, ~~Dallas~~ D.C. ~~Caviness~~ until such time as the minor child shall reach the age of nineteen (19), marry or become self-supporting, whichever shall first occur. It is the intent of the parties that as the child support obligation may change, they shall determine the correct amount to be paid under the guidelines without the necessity of a formal modification. However, in the event that the parties cannot agree, either party may petition the Court for a modification under the law existing at that time. No support is being paid at this time for Dallas Caviness as he is working and contributing to his own support.

(b)    That reference is hereby made in this Agreement to a separate Order entitled, Order of Continuing Withholding for Support, pursuant to Code of Alabama, 1975 section 30-3-60, et. seq., which shall be entered and NOT served upon Husband's employer. As an alternative, Husband shall make all payments directly to Wife.

3.    College Education.

Husband and Wife shall each pay and be responsible for one-half (½) of expenses related to the children's college education. This responsibility shall include expenses for an undergraduate degree based on the prevailing rates at the University of Alabama. Expenses to include: room, board, books, tuition, and fees, less any scholarships and the like. The parties' obligation for said expenses shall be conditioned

Caviness v. Caviness DR 03 857 HBH
Agreement of the Parties
Page 2 of 7

Initials

From: unknown    Page: 9/19    Date: 3/6/2007 10:13:20 AM

upon the following: The child's enrollment status be at a minimum a "part-time" student; the child progressing towards a degree; the child maintaining a "C" or better overall grade point average; and, a copy of the child's grades being sent to both parents as soon as same are received by the child or other parent. Enrollment must be continuous for the period of this obligation, except that the child may take a hiatus for a period of up to one quarter/semester per year.

4.    **Insurance.**

*Medical Insurance*

(a)    Husband shall provide and maintain major medical and hospitalization insurance for the benefit of the minor children for so long as he has an obligation to pay child support or college expenses as set out herein. Husband shall provide to Wife a proper identification card within thirty (30) days from the date of this agreement of the parties.

(b)    Husband and Wife shall each pay and be responsible for paying one-half ( ½ ) of all non-covered medical expenses incurred for the children including, but not limited to, hospital, doctor, dental, orthodontic, optical care, psychological, prescription drugs and the like.

(c)    Each party is to provide the other with bills, receipts, invoices, or other statements for major medical, dental and health costs incurred for and on behalf of the minor children within 30 days of receipt by said party. If one party is called upon to pay for said expenses at the time of service being rendered, the other party shall promptly reimburse the paying party.

Caviness v. Caviness DR 03 857 RBH<br>Agreement of the Parties<br>Page 3 of 7

Initials

From: unknown      Page: 10/19      Date: 3/6/2007 10:13:20 AM

*Life Insurance*

(d)      Husband shall maintain and name the children the irrevocable beneficiary of a policy of life insurance on his life provided through his employer for so long as there is an obligation for child support or college expenses to be paid. Husband shall provide to the Wife proof, in writing, from the insurance company issuing said policy that said coverage is in full force and effect and that all premiums due have been paid.

5.      <u>Alimony</u>.

The issue of alimony payable from Husband to Wife is hereby reserved for future Order of the Court.

6.      <u>Real Property</u>.

Wife is awarded the full right, title and interest of the parties in and to the family home situated at 1554 Sequoia Trail, Helena, Alabama 35080 and Husband is divested of any right, title or interest therein. Husband shall convey his interest in said home to Wife by appropriate deed. Wife shall assume and pay the indebtedness against said home and all other charges, assessments, taxes and insurance connected with it.

7.      <u>Personal Property</u>.

*Furniture and Furnishings*

(a)      The parties have amicably divided all furniture, furnishings, fixtures, appliances, goods and wares located in the marital residence.

*Automobiles*

(b)      The Husband shall have all right, title and interest in the 2003 Ford Ranger automobile and 1985 Ski Nautique boat and Wife is divested of any and all right,

Caviness v. Caviness DR 03 857 HBH<br>Agreement of the Parties<br>Page 4 of 7

title and interest therein. Husband shall be responsible for any outstanding indebtedness due and owing on said automobile and shall indemnify and hold Wife harmless therefrom.

(c)     Wife shall be vested with all right, title and interest in the 2000 Jeep Cherokee automobile and Husband is divested of any and all right, title and interest therein. Wife shall be responsible for any outstanding indebtedness due and owing on said automobile and shall indemnify and hold Husband harmless there from.

(d)     The 1971 Chevelle shall be transferred to the minor child, Dallas Caviness as soon as practicable for his use and benefit.

*Other Personal Property*

(e)     The parties agree that each has made full and fair disclosure of any assets, real and personal, vested in either of them, and each shall take sole title to and possession of all items of personal property currently in his or her name or belonging solely to him or her (and not specifically referred to in this agreement), including, without limitation, cash, checking and savings accounts, jewelry, securities, IRA's, KEOGH's and/or pension and profit-sharing plans, partnerships, business interests, insurance policies and the like, and each hereby renounces any interest that he or she may have in property vested in the other.

8.     Debts.

(a)     Wife has presently pending a Chapter 7 Bankruptcy Case pending and shall be responsible for any attorney fees or costs associated therewith. .

(b)     Except as otherwise provided herein, each party shall be responsible for all debts in his or her separate name.

Caviness v. Caviness DR 03 857 HBH
Agreement of the Parties
Page 5 of 7

Initials

From: unknown      Page: 12/19      Date: 3/6/2007 10:13:21 AM

(c)    Each party warrants to the other that they have not incurred debts upon which the other party would be liable in any manner whatsoever which has not been disclosed.

(d)    Neither party shall hereafter directly nor indirectly incur further debts or credit obligations that would obligate the other party either individually or jointly.

(e)    Each party shall remove the name of the other party, or close the accounts, from any and all checking and savings accounts, credit cards, etc. within thirty (30) days from the entry of a final judgment herein.

9.    <u>Attorney's Fee and Court Costs.</u>

(a)    Each party shall be responsible for the payment of his or her attorney fees.

(b)    Court costs shall be taxed as paid.

10.    <u>Miscellaneous.</u>

(a)    That each party hereto acknowledges that each of them is making this Agreement of his or her own free will and volition and acknowledges that no coercion, force, pressure, or undue influence has been used against either party in the making of this Agreement, either by the other party hereto or by any other person or persons. The parties hereby further approve and acknowledge that they fully understand the terms, covenants and provisions of this Agreement and believe its terms to be fair, just and adequate and voluntarily accept such terms and conditions.

(b)    Each party hereto shall execute and deliver to the other party any documents that may be required to accomplish the intention of this instrument and shall

Caviness v. Caviness DR 03 857 HBH<br>Agreement of the Parties<br>Page 6 of 7

Initials

do all other things necessary to this end.  If either party shall fail to comply with the

provisions of this paragraph, this agreement shall constitute an actual grant, assignment,

and conveyance of property and rights in such manner, and with such force and effect as

shall be necessary to effectuate the terms of this Agreement.

   (c)  Each party hereto has made a full disclosure of his or her assets

and liabilities, each has been fully informed of his or her legal rights and obligations

hereunder, and each has signed this agreement voluntarily, intending to be bound by it.

   (d)  The parties understand that this agreement constitutes the entire

contract between the parties and supersedes any prior understanding or agreements

between them upon the subjects covered in this document.  There are no representations

or warranties other than as set forth herein.


WITNESS MY HAND and SEAL this the 23rd day of January,
2004.

_____  _____
Witness            Rhonda R. Caviness


WITNESS MY HAND and SEAL this the 23rd day of January,
2004.

_____  _____
Witness            George W. Caviness, Jr.


Caviness v. Caviness DR 03 857 HBH
Agreement of the Parties
Page 7 of 7

Initials

From: unknown    Page: 3/19    Date: 3/6/2007 10:13:18 AM

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

*IN RE: THE MARRIAGE OF*

RHONDA R. CAVINESS,                )
                                   )
            PLAINTIFF,             )
                                   )        CIVIL ACTION NO.:
VS.                                )        DR 03 857 HBH
                                   )
GEORGE W. CAVINESS, JR.,           )
                                   )
            DEFENDANT.             )

### FINAL JUDGMENT OF DIVORCE

This cause, coming on to be heard, was submitted for final judgment upon the Plaintiff's Complaint, Answer and Waiver of the Defendant, and Testimony as noted by the Notary Public. Upon consideration thereof, it is ORDERED and ADJUDGED by the Court as follows:

FIRST:    That the bonds of matrimony heretofore existing between the parties are dissolved, and the said Plaintiff, Rhonda R. Caviness and said Defendant, George W. Caviness, Jr., are divorced each from the other.

SECOND:    That neither party shall marry again except to each other until sixty (60) days after the date of the Judgment of Divorce, and if an appeal is taken (which must be instituted within forty-two (42) days from this Judgment, or from the date that a post-trial motion is denied), then neither party shall again marry except to each other during the pendency of the appeal. Thereafter, each party may, and they are hereby, permitted to again contract marriage upon the payment of costs of this suit.

THIRD:    That the Agreement of the parties filed herein, a copy of which is attached hereto and made a part hereof as though set forth herein, should be and the same is hereby RATIFIED, APPROVED and CONFIRMED by the Court and same shall be fully binding on both Plaintiff and Defendant. The Plaintiff and Defendant are each hereby ORDERED and DIRECTED by the Court to faithfully perform their respective obligations as set forth therein.

FOURTH:    That the award of child support made herein was determined by application of the Child Support Guidelines established by Rule 32, A.R.J.A. Copies of the guideline forms have been filed herein and are made a part of the record in this cause.

FIFTH:    It is further ORDERED by the Court that in the event the obligor becomes delinquent in a dollar amount equal to one month of support payment as herein ordered and upon written affidavit of the obligee of such delinquency, or upon request of the obligor, or upon the Court's own motion, the Income Withholding Order for child support,

From: unknown   Page: 4/19   Date: 3/6/2007 10:13:18 AM

*Caviness v. Caviness DR 03 857 HBH*
*Final Judgment of Divorce*
*Page 2*

which order is contained on separate paper and is specifically incorporated as a part of this decree as required by Title 30-3-61, 1975 Code of Alabama, shall be served upon the obligor's employer and shall become effective immediately upon service of same.

SIXTH:   That costs of Court in this cause are taxed as paid.

SEVENTH:   In accordance with the Alabama Parent-Child Relationship Protection Act, an Addendum No. 1 is attached to and made a part of the Court's Order of custody determination made in this case, and the parties to said determination shall abide by the terms and conditions thereof.

*** Final Item ***

DONE and ORDERED this the 23rd day of February, 2004.

_____
CIRCUIT JUDGE

I, Mary Harris, Clerk and Register of the Circuit Court for Shelby County, Alabama, do hereby certify that the foregoing is a correct copy of an original decree rendered by the Judge of the Circuit Court in the above styled cause, which said decree is on file and entered in my office.

Witness by hand and seal this the 23rd

day of February 2004

_____
Clerk & Register of Circuit Court

## Addendum No. 1 to Final Judgment of Divorce

## RELOCATION OF CHILD (REN)

Alabama law requires each party in this action who has either custody of or the right of visitation with a child to notify other parties who have custody of or the right of visitation with the child of any change in his or her address or telephone number, or both, and of any change or proposed change of principal residence and telephone number or numbers of a child. This is a continuing duty and remains in effect as to each child subject to the custody or visitation provisions of this decree until such child reaches the age of majority or becomes emancipated and for so long as you are entitled to custody of or has visitation with a child covered by this order. If there is to be a change of principal residence by you or by a child subject to the custody or visitation provisions of this order, you must provide the following information to each other person who has custody or visitation rights under this decree as follows:

(1)     The intended new residence, including the specific street address, if known.

(2)     The mailing address, if not the same as the street address.

(3)     The telephone number or numbers at such residence, if known.

(4)     If applicable, the name, address, and telephone number of the school to be attended by the child, if known.

(5)     The date of the intended change of principal residence of a child.

(6)     A statement of the specific reasons for the proposed change of principal residence of a child, if applicable.

(7)     A proposal for a revised schedule of custody of or visitation with a child, if any.

(8)     Unless you are a member of the Armed Forces of the United States of America and are being transferred or relocated pursuant to a non-voluntary order of the government, a warning to the non-relocating person that an objection to the relocation must be made within 30 days of receipt of the notice or the relocation will be permitted.

You must give notice by certified mail of the proposed change of principal residence on or before the 45th day before a proposed change of principal residence. If you do not know and cannot reasonably become aware of such information in sufficient time to provide a 45-day notice, you must give such notice by certified mail not later than the 10th day after the date that you obtain such information.

Your failure to notify other parties entitled to notice of your intent to change the

From: unknown    Page: 6/19    Date: 3/6/2007 10:13:19 AM

principal residence of a child may be taken into account in a modification of the custody of or visitation with the child.

If you, as a non-relocating party, do not commence an action seeking a temporary or permanent order to prevent the change of principal residence of a child within 30 days after receipt of notice of the intent to change the principal residence of the child, the change of principal residence is authorized.

EXHIBIT 2

## ENROLLMENT AND INFORMATION CHANGES
## NATIONAL ELEVATOR INDUSTRY BENEFIT PLANS
### (Not to be used for National Elevator Industry 401(k) Plan)

(Please type or print in ink-Complete either form)

**PLEASE READ REVERSE SIDE**

[ ] Helper- New to Trade
[ ] Retired    [ ] Active Employee
[ ] Address Change-This does not require Notarization
[ ] Dependent Add or Change-Provide required documentation-(SEE REVERSE SIDE)
[X] Beneficiary Add or Change

Employee Name _George W. CAriNess Jr._    Soc.Sec.No. _____

Address _4647 CAdes Core Dr._

City _BArdenidALe_    State _AL_    Zip Code _35071_

Birth Date _1-17-62_ Hire Date ___ Union Local No. _24_    Home Telephone No. _(205) 233-9820_

Failure to list eligible dependents and to supply required documentation may result in a denied Health Plan claim. False information may result in loss of eligibility and/or prosecution. (Spouses, children under age 19, full-time students under age 25, handicapped or disabled children are eligible dependents.)

### Eligible Dependents

| Last Name | First | Initial | Soc. Sec. No. | M/F | Date of Birth Month/ Day/Year | Relationship |
|---|---|---|---|---|---|---|
| CARiNess | George | W. | | M | 1-17-62 | SELf |
| | | D.C. | | | 4-2-92 | SON |
| | | | | | | |

### Beneficiary Information

Name _Robert William CAriNess_    Soc. Sec. No. _____

Address _15 High Ridge Court_    Date of Birth _4-20-64_

City _____, GA_    State _GA_    Zip _30293_

Relation to Employee _Brother_    Share _100%_    Home Phone No. _(390) 136 0005_

### Beneficiary Information

Name _____    Soc. Sec. No. _____

Address _____    Date of Birth _____

City _____    State _____    Zip _____

Relation to Employee _____    Share _____%    Home Phone No. (    )

**(FOR ADDITIONAL AND/OR CONTINGENT BENEFICIARIES USE SEPARATE SHEET)**

I hereby designate the above to be beneficiary of any benefits due from the National Elevator Industry Pension and Health Benefit Plans. This designation revokes any prior designation inconsistent herewith. I reserve the right to change the beneficiary at my discretion and understand that any change is not effective unless this form is properly completed and received by the Benefits Office. If more than one beneficiary is named, payment shall be made in equal shares unless otherwise stated.

_George W. Carmiess Jr._    Date _December 13, 2004_
Signature of Employee

Sworn to or affirmed and subscribed before me, a Notary Public, this _13_ day of _December_ 2004

_White E. Shoff_
Notary Public

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Feb 1, 2006
BONDED THRU NOTARY PUBLIC UNDERWRITERS

Complete and Return Immediately to the National Elevator Industry Benefits Office at:
19 Campus Blvd. Suite 200
Newtown Square PA 19073-3283

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602004223
Cashier ID: brobinso
Transaction Date: 03/07/2008
Payer Name: NAKAMURA AND QUINN
------------------------------------
CIVIL FILING FEE
 For: NAKAMURA AND QUINN
 Case/Party: D-ALM-2-08-CV-000162-001
 Amount:       $350.00
------------------------------------
CHECK
 Check/Money Order Num: 19749
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

TRUSTEES V. CAVANISS ET AL