IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND,<br>Plaintiffs,<br><br>v.<br><br>D. C.<br>c/o Rhonda Caviness, *et al*,<br>Defendants. | :<br>:<br>:<br>:<br>: CIVIL ACTION NO. 2:08-cv-162-MEF<br>:<br>:<br>:<br>: |

### PLAINTIFFS' MOTION TO DISMISS FROM INTERPLEADER

Plaintiffs hereby move this Court to dismiss them from the instant action. The Plaintiffs further move this Court to discharge them from any further liability to the Defendants arising out of or relating to the Pre-Retirement Death-in-Service Pension Benefit with respect to the deceased George Caviness and the funds now and in the future on deposit with the Court that are the subject of this interpleader action. The Plaintiffs additionally request the Court to permanently enjoin the Defendants from bringing any further litigation against the Plaintiffs in regard to the Pre-Retirement Death-in-Service Pension Benefit of the deceased George Caviness and the funds on deposit. Finally, the Plaintiffs respectfully request the Court to cause the Defendants to resolve and settle herein themselves their respective rights to the amounts deposited with the Court.

Plaintiffs are the trustees of an "employee pension plan" and "employee benefit plan" as those terms are defined under 29 U.S.C. §1002(2)(A) & (3).

The deceased, George Caviness, was a participant in the NEI Pension Plan, on whose death, his beneficiary under the NEI Pension Plan became entitled to a Pre-Retirement Death–in–Service Pension Benefit in the amount of $1,113.57 for a period of ten years, or until his death, whichever occurred first.

Plaintiffs filed this action on March 7, 2008 to resolve the competing interests of the Defendants to the Pre-Retirement Death-in-Service Pension Benefit payable on behalf of the deceased George Caviness.

The Court granted the Plaintiffs' Motion to Approve Deposit of Pension Benefit Proceeds on March 12, 2008. On March 7, 2008, coincident with the filing of this action, the Plaintiffs filed with the Court checks totaling $15,589.98, which represents the amount of the Pre-Retirement Death-in-Service Pension Benefit payable from February 2007 through and including March 2008. The Plaintiffs have and continue to deposit with the Court the monthly pension amount of $1,113.57. The Plaintiffs will continue to forward these checks to the Court until either the earlier of the resolution of the matter by the Court or the expiration of the 10-year period under the terms of the Plan. If the Court resolves the matter prior to the expiration of the 10-year period, the Fund will start making payments to the beneficiary as determined by the Court until the earlier of the beneficiary's death or the expiration of the 10-year period.

The Defendants filed their respective answers asserting their claims to the pension benefit. The Defendants each contend to be the rightful beneficiary of the deceased Participant's Pre-Retirement Death-in-Service Pension Benefit.

The Defendants' claims are adverse and conflicting. Plaintiffs are in the position of an innocent stakeholder faced with the possibility of double liability and costs incidental thereto. Plaintiffs neither have, nor claim, any interest in the sums in dispute, and have, at all times, been willing to pay the same to such person as is lawfully entitled thereto. Plaintiffs filed the Complaint in Interpleader of their own free will and expense to avoid double liability and unnecessary suits and the costs incident thereto.

After dismissal, the Plaintiffs are willing to respond to reasonable discovery requests.

However, Defendants have not, to date, filed any formal discovery requests on Plaintiffs.

Plaintiffs have voluntarily forwarded relevant documentation to Defendants to assist them in their preparation for this action. In addition, Plaintiffs' local counsel contacted the Defendants' counsel on several occasions to discuss the voluntary dismissal of the Plaintiffs from this action. The Defendants either did not agree or respond to Plaintiffs' local counsel's requests to voluntarily dismiss this action.

WHEREFORE, Plaintiffs, a disinterested party, hereby respectfully request that the Court dismiss them as a party from this action with prejudice, and discharge the Plaintiffs from all liability on account of the matters relating herein, subject to payment of the pension benefit under the terms of the NEI Pension Plan to the proper beneficiary as determined by the Court. Furthermore, the Plaintiffs request that the Court permanently enjoin the Defendants from initiating or prosecuting any proceeding against the Plaintiffs in any state or United States court, including this Court, either at law or in equity, arising out of or relating to the Pre-Retirement Death-in-Service Pension Benefit herein. Finally, Plaintiffs respectfully request the Court to cause the Defendants to settle themselves their respective rights to the amounts deposited with the Court.

DATE: July 24, 2008

Respectfully submitted,

s/George N. Davies
George N. Davies
Alabama Bar No. ASB-3923-A63G

Nakamura, Quinn, Walls, Weaver & Davies LLP
Lakeshore Park Plaza, Suite 130
2204 Lakeshore Drive
Birmingham, AL 35209-6701

3

(205) 870-9989 - telephone
(205) 803-4143 - facsimile

4