IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. 2:08-cv-162-MEF |
| D. C. c/o Rhonda Caviness, *et al*, | : |
| Defendants. | : |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS

### I.   Introduction and Background Facts

Plaintiffs are the Trustees of the National Elevator Industry Pension Fund (the "Trustees" or "Fund" or "Pension Fund"). The Trust Fund is an innocent stakeholder of a Pre-Retirement Death-in-Service Pension Benefit payable as a result of the death of George Caviness, a participant in the NEI Pension Fund. The Defendant, Robert Caviness, is the brother of the deceased participant. The Defendants, D.C., through his mother Rhonda Caviness, and Devin Caviness, are sons of the deceased. Each Defendant claims a right to designation as beneficiary of the Pre-Retirement Death-in-Service Pension Benefit.

The Plaintiffs filed this action on March 7, 2008 to resolve the competing interests of the Defendants to the Pre-Retirement Death-in-Service Pension Benefit payable on behalf of the deceased George Caviness.

The Plaintiffs filed a Motion to Approve Deposit of Pension Benefit Proceeds on March 7,

2008. On this same date, the Plaintiffs deposited with the Court checks totaling $15,589.98, which represents the amount of the Pre-Retirement Death-in-Service Pension Benefit payable from February 2007 through and including March 2008. The Plaintiffs have and continue to deposit with the Court the monthly pension amount of $1,113.57. The Plaintiffs will continue to deposit this sum with the Court until either the earlier of the resolution of the matter by the Court or the expiration of the 10-year period under the terms of the Plan. If the Court resolves the matter prior to the expiration of the 10-year period, the Plaintiffs will start making payments to the beneficiary as determined by the Court until the earlier of the beneficiary's death or the expiration of the 10-year period.

The Court granted the Plaintiffs' Motion to Approve Deposit of Pension Benefit Proceeds on March 12, 2008.

Plaintiffs neither have, nor claim, any interest in said sums, and have, at all times, been willing to pay the same to such person as is lawfully entitled thereto.

Plaintiffs filed the Complaint in Interpleader of their own free will and expense to avoid double liability and unnecessary suits and the costs incident thereto. The Plaintiffs have moved for their dismissal from said action.

## II.    Legal Principles

The United States Code provides in Title 28, section 2361:

Process and procedure

In any civil action of interpleader or in the nature of interpleader under section 1335 of this *title [28 USCS § 1335]*, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.

>Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. §2361.

### III. Analysis

The Plaintiffs filed this action on March 7, 2008 to resolve the competing interests of the Defendants to the Pre-Retirement Death-in-Service Pension Benefit payable on behalf of the deceased George Caviness.

The Plaintiffs deposited with the Court checks totaling $15,589.98, which represents the amount of the Pre-Retirement Death-in-Service Pension Benefit payable from February 2007 through and including March 2008. The Plaintiffs have and continue to deposit with the Court the monthly pension amount of $1,113.57.

Since the Plaintiffs have acted in good faith, and will continue to do so, the Plaintiffs request that the Court permanently enjoin the Defendants from initiating or prosecuting any proceeding against the Plaintiffs in any state or United States court, including this Court, either at law or in equity, arising out of or relating to the Pre-Retirement Death-in-Service Pension Benefit payable as provided herein.

The Plaintiffs have and will continue to deposit the pension proceeds with the court until the court determines the proper beneficiary to receive the benefit or the amount has been fully paid into the Court, whichever is earlier. The dispute is now between the Defendants. As such, the Plaintiffs should be discharged and dismissed as a party to the action. In *Jackson National Life Insurance Co. v. Economou, et al.*, 2008 DNH 94, 2008 U.S. Dist. Lexis 36380 (D. NH 2008), the plaintiff was dismissed from the action after having deposited the disputed funds with the court. The court, citing 28 U.S.C. § 1335(a)(1), stated in its decision: "[The plaintiff] was dismissed from the case in

accordance with the customary procedure in interpleader actions." Id. at 5. See also *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 107 (1st Cir. 2007). In *Jackson*, the court dismissed the plaintiff filer upon the deposit with the Clerk of the amount at issue. (See attached Order as Exhibit 1). As noted above, the Plaintiffs have been filing the amount at issue with the court on a monthly basis and will continue to do so until the matter is resolved or the pension has been fully paid into the Court, whichever is earlier.

The Plaintiffs have acted in the utmost of good faith since it learned that multiple parties sought to be named as the beneficiary of the deceased George Caviness. In fact, subsequent to the filing of the Complaint in interpleader, the Plaintiffs provided each of the Defendants a copy of relevant documents to assist them with this matter. It is this good faith of the Plaintiffs that supports their discharge and dismissal as a party to the action. See also *Connecticut General Life Insurance Co. v. Thomas*, 910 F. Supp. 297, 300 (SD Texas 1995); *Sun Life Assurance Co. of Canada v. Thomas*, 735 F. Supp. 730 (WD Mich. 1990)(Absent the presence of bad faith on the part of the stakeholder or the possibility that the stakeholder is independently liable, discharge should be readily granted); *New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 94 (2d Cir. 1983).

In *Hudson Saving Bank v. Austin, et al.*, 479 F.3d 102, 107 (1st Cir. 2007), the court noted that "[i]n interpleader, the plaintiff ordinarily is a mere stakeholder who solicits the assistance of a court in order to avoid potentially inconsistent liabilities." The court cited 4 James Wm. Moore et al., *Moore's Federal Practice § 22.02[1]* (3d ed. 2006) for the proposition that "[t]he stakeholder-plaintiff names as defendants those who are potential claimants to the stake . . .Typically, the defendants are not antagonistic to the plaintiff but, rather, are pitted against one another. That circumstance follows ineluctably from the principle that interpleader is not available unless the defendants' claims are 'adverse' to each other." *Hudson* at 107; see also 7 Charles Alan Wright,

4

Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1705 (3d ed. 2001). The *Hudson* court maintained "that, in an interpleader action in which the stakeholder does not assert a claim to the stake, the stakeholder should be dismissed immediately following its deposit of the stake into the registry of the court." *Hudson* at 107. See *Comm'l Union Ins. Co. v. United States*, 303 U.S. App. D.C. 33, 999 F.2d 581, 583 (D.C. Cir. 1993). The *Hudson* court thus concluded "[t]hat dismissal should take place without awaiting an adjudication of the defendants' competing claims." *Hudson* at 107; see 4 Moore et al., *supra* § 22.03[2][a].

Numerous other courts have similarly dismissed or discharged an innocent stakeholder, a party in control of contested property, who makes no claim to the property. See *Commercial Union Insurance Co. v. US*, 303 US App. DC 33 (DC Cir. 1993)(Since the stakeholder is willing to release the property to the rightful claimant, interpleader allows him to put the money or other property in dispute into court, withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund in court). In *Unicare Life and Health Insurance Co. v. Carl*, 2007 U.S. Dist. LEXIS 46820 (ED Michigan 2007), the court stated that "under the interpleader rule, *Fed. R. Civ. P. 22*, 'a neutral stakeholder asserting no claim to the disputed funds and having surrendered the disputed funds to the custody of the Court should be discharged from the action.'" *Id.*, citing *Sun Life Assurance Co. of Canada v. Thomas*, 735 F. Supp. 730, 732 (W.D. Mich. 1990); *Kurland v. U.S.*, 919 F. Supp. 419 (M.D. Fla. 1996). The *Unicare* court also cited *Sun Life*, 735 F. Supp at 733, for the proposition that "[a]bsent the presence of bad faith on the part of the stakeholder or the possibility that the stakeholder is independently liable, discharge should be readily granted." *Id.* By voluntarily providing relevant documents, the Plaintiffs have attempted to assist the Defendants in resolving their competing claims. By depositing the pension benefit with

the Court, the Plaintiffs have acted with the utmost good faith. The Defendants should thus remain to argue their respective cases, without the inclusion of the Plaintiffs as a party to the action.

## IV.    Conclusion

The Plaintiffs are an innocent stakeholder who have acted with good faith in dealing with the Defendants' competing claims. The Plaintiffs should be dismissed and discharged as a party since they have and will continue to deposit with the Court the pension proceeds until the resolution of this matter or the benefit has been fully paid into the Court, whichever is earlier.

DATE: July 24, 2008

Respectfully submitted,

s/George N. Davies
George N. Davies
Alabama Bar No. ASB-3923-A63G

Nakamura, Quinn, Walls, Weaver & Davies LLP
Lakeshore Park Plaza, Suite 130
2204 Lakeshore Drive
Birmingham, AL  35209-6701
(205) 870-9989 - telephone
(205) 803-4143 - facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> D. C. <br> c/o Rhonda Caviness, *et al*, <br><br> Defendants. | CIVIL ACTION NO. 2:08-cv-162-MEF |

## **ORDER**

Upon consideration of the Plaintiffs' Motion to Dismiss from Interpleader, which is incorporated herein by reference, it is hereby ordered this _____ day of _____ 2008 that Plaintiffs are hereby dismissed as a party from Civil Action 2:08-cv-162-MEF with prejudice.

It is further ordered that the Defendants are hereby enjoined from initiating or prosecuting any proceeding against the Plaintiffs in any state or United States court, including this Court, either at law or in equity, arising out of or relating to the Pre-Retirement Death-in-Service Pension Benefit payable by Plaintiffs with respect to the deceased George Caviness.

It is further ordered that Plaintiffs are fully and finally discharged of any and all liability arising out of or relating to the Pre-Retirement Death-in-Service Pension Benefit relating to the deceased George Caviness, except as provided below.

Finally, it is hereby ordered that Defendants resolve and settle themselves herein their respective rights to the amounts deposited with the Court.

Plaintiffs will continue to deposit on a monthly basis the amount payable on behalf of George Caviness's Pre-Retirement Death-in-Service Pension Benefit until either the earlier of the

resolution of the matter by the Court or the expiration of the 10-year period under the terms of the Plan. If the Court resolves the matter prior to the expiration of the 10-year period, Plaintiffs will start making payments to the beneficiary as determined by the Court under the terms of the NEI Pension Plan until the earlier of the beneficiary's death or the expiration of the 10-year period.

DONE this _____ day of _____, 2008.

_____
Mark E. Fuller
Chief United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        John W. Dodson, Esq.
        Ferguson, Frost & Dodson, LLP
        2500 Action Rd., Suite 200
        PO Box 430189
        Birmingham, Alabama 35243

        Thomas Claunch, Esq.
        Harding & Claunch
        2800 Zelda Road, Suite 100-9
        Montgomery, Alabama 36106

        Terrie Biggs, Esq.
        Capell & Howard, P.C.
        150 South Perry Street
        PO Box 2069
        Montgomery, Alabama 36102-2069

s/George N. Davies
George N. Davies

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, : <br><br> Plaintiffs, : <br><br> v. : <br><br> D. C. <br> c/o Rhonda Caviness, *et al*, : <br><br> Defendants. : | CIVIL ACTION NO. 2:08-cv-162-MEF |

## DECLARATION OF GEORGE N. DAVIES

I, George N. Davies, counsel of record for Plaintiffs, Trustees of the National Elevator Industry Pension Fund (hereinafter "Trustees"), hereby certify, declare and verify under penalty of perjury pursuant to 28 U.S.C. Section 1746 this 24th day of July, 2008, the following:

1. That I am a partner with the law firm of Nakamura, Quinn, Walls, Weaver & Davies LLP, and the counsel of record for the Plaintiffs.

2. On April 11, 2008 and May 9, 2008 I sent electronic mail messages to the Defendants' counsel in an attempt to initiate voluntary dismissal discussions of the Plaintiffs with the Defendants, and to advise that the Plaintiffs would be providing documents to the Defendants that they may need in preparation of their respective cases. Other than from Ms. Biggs who is counsel for Robert Caviness, I did not receive any reply to my emails. In one of her replies, Ms. Biggs advised that she would consider a voluntary dismissal of the Trustees if they would agree to be subject to discovery after dismissal. In the other reply, Ms. Biggs advised that she hoped the documents would accomplish dismissal of the Trustees but did not give

any definitive response to the Plaintiffs' request for voluntary dismissal.

3. During the parties' planning meeting conference call on April 28, 2008 I again raised the issue of the voluntary dismissal of the Trustees with the Defendants but there was no agreement by the Defendants to do so.

4. On behalf of Plaintiffs, I voluntarily provided to the Defendants on May 14, 2008 a copy of the following documents to assist the Defendants with this matter:

   a. a copy of the NEI Pension Plan Summary Plan Description;
   b. a copy of the NEI Pension Plan, and its amendments;
   c. a copy of the NEI Pension Plan Trust Agreement, and its amendments;
   d. a copy of the *Important Notice of Benefit Changes* from April 1998 to Present;
   e. a copy of the letter sent by the NEI Pension Plan to Defendant Rhonda Caviness denying her appeal;
   f. a copy of the Enrollment and Information Form for the deceased Participant;
   g. a copy of the minutes from the May 2007 Trustees' Meeting during which the Trustees reviewed the ex-spouse's appeal.

5. Subsequent to sending these materials to the Defendants, on behalf of Plaintiffs, I telephonically contacted the Defendants' counsel on several occasions to discuss the voluntary dismissal of the Plaintiffs from this action. The Defendants did not respond to my telephonic inquiries nor agree to voluntarily dismiss the Trustees.

Under the penalty of perjury, I declare that the statements in this Declaration are true and correct to the best of my knowledge and belief.

DATE: July 24, 2008

_____
George N. Davies

2