# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

July 29, 2008

# NOTICE OF CORRECTION

**From:**          **Clerk's Office**

**Case Style:**      **Trustees of the National Elevator Industry Pension Fund v.**
**Dallas C. Caviness, et al.**

**Case Number:**    **#2:08-cv-00162-MEF**

**Referenced Document:**   **Document #30**
**Motion for Summary Judgment**

**This Notice has been docketed to enter the corrected pdfs of the referenced document and exhibits into the record. The original pdfs contained the name of the minor. The name of the minor has been redacted. The corrected pdfs are attached to this notice.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TRUSTEES OF THE NATIONAL )
ELEVATOR INDUSTRY PENSION )
FUND, )
 )
      Plaintiff, )     CIVIL ACTION NO.
 )
v. )     2:08-cv-162-MEF
 )
DALLAS CAVINESS, D.C. c/o )
RHONDA CAVINESS, AND )
ROBERT W. CAVINESS, )
 )
      Defendants. )

## MOTION FOR SUMMARY JUDGMENT

COME NOW, Dallas C. Caviness and Rhonda Caviness (in her capacity as guardian for D. C., a minor) (hereinafter the "Caviness Defendants"), Defendants in the above-styled Complaint in Interpleader, by and through counsel, hereby move for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(b) and request that the Court (1) grant judgment in their favor against Defendant Robert W. Caviness; and (2) enter orders, in accordance with their pleadings, establishing their right to the subject pension benefits, and award the Caviness Defendants all other relief to which they are entitled.

In support of their Motion, the Caviness Defendants present the following Narrative Statement of Undisputed Fact, Brief in Support of Motion for Summary Judgment and the following exhibits:

A. Final Judgment of Divorce.

B. Agreement of the Parties.

C. Death Certificate of George W. Caviness, Jr.

D. Affidavit of Rhonda Pierce.

E. Enrollment and Information Changes form.

### <u>NARRATIVE STATEMENT OF UNDISPUTED FACTS</u>

1.     Rhonda Caviness Pierce is the same person as Rhonda Caviness, formerly the spouse of George W. Caviness, Jr.  (Final Judgment of Divorce, attached as Exhibit A and Affidavit of Rhonda Pierce, attached as Exhibit D)

2.     On or about February 23, 2004, the Circuit Court of Shelby County, Alabama entered a Final Judgment of Divorce dissolving the marriage of George W. Caviness, Jr. and Rhonda R. Caviness.  (Final Judgment of Divorce, attached as Exhibit A)

3.     As part of the Final Judgment of Divorce, the Court ratified, approved and confirmed the Agreement of the Parties executed on January 23, 2004, by George W. Caviness, Jr. and Rhonda R. Caviness.  (Affidavit of Rhonda Pierce, attached as Exhibit D and Final Judgment of Divorce, attached as Exhibit A)

4.     The Agreement of the Parties provides, in part, that George W. Caviness, Jr. shall maintain and name the children [D. C. and Dallas C. Caviness] the irrevocable beneficiary of a policy of life insurance on his life provided

through his employer for so long as there is an obligation for child support or college expenses to be paid.  (Agreement of the Parties, attached as Exhibit B)

5.    The Agreement of the Parties called for support and maintenance of the minor child [D. C.], "until such time as the minor child shall reach the age of nineteen (19), marry or become self-supporting, whichever shall first occur." (Agreement of the Parties, attached as Exhibit B)

6.    On January 25, 2007, D. C. was 15 years old.  He was not married or self-supporting.  (Affidavit of Rhonda Pierce, attached as Exhibit D)

7.    On December 13, 2004, George W. Caviness, Jr. designated his brother, Robert W. Caviness, as the beneficiary of his life insurance benefits under the Group Policy.  (Complaint in Interpleader, ¶ 9 and Enrollment and Information Changes form, attached as Exhibit E)

8.    George W. Caviness, Jr. passed away on January 25, 2007, due to sequaele secondary to acute and chronic ethanol abuse.  (Death Certificate of George W. Caviness, Jr., attached as Exhibit C)

9.    At the time of his death, George W. Caviness, Jr.'s Last Will and Testament, executed on May 14, 1995, devised and bequeathed all of his real and personal property, of any nature, to Rhonda Caviness.  In the event Rhonda Caviness should predecease him, George W. Caviness, Jr. devised and bequeathed all of his real and personal property to his children, Dallas Caviness and D. C. (Affidavit of Rhonda Pierce, attached as Exhibit D)

10. The Trustees of the National Elevator Industry Pension Fund (hereinafter the "Fund") is a multi-employer benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). (Complaint in Interpleader, ¶ 2)

11. George W. Caviness, Jr. was a participant in the NEI Pension Fund on his death on January 25, 2007. (Complaint in Interpleader, ¶ 3)

12. The NEI Pension Plan, Section 6.04 (a), provides:

> Upon the death of an Employee who is vested, is unmarried on the date of his death and who dies while working in Covered Employment or is absent from Covered Employment on his death due to Total Disability (as defined in Section 1.26) or to a layoff not exceeding 24 months, the Employee's designated beneficiary will receive a Pre-Retirement Death-In-Service Benefit….

George W. Caviness, Jr. was vested and laid off on September 26, 2006. As such, he met the requirements for a Pre-Retirement Death-in-Service Benefit to be payable to his designated beneficiary under Section 6.04(a). (Complaint in Interpleader, ¶ 11)

13. Section 6.04(b)(1) of the NEI Pension Plan provides:

> For purposes of this Section only, the Employee's designated beneficiary must be an individual; it may not be the Employee's estate, nor a trust nor more than one individual. The Employee may name the designated beneficiary to receive benefits under this Section by filing the designation in writing with the Trustees on a form prescribed by the Trustees. The Employee has the right to change his designated beneficiary at any time. Any designation or change shall be effective upon receipt by the Trustees prior to the death of the Employee. Designation of a new Beneficiary revokes all prior designations. The designation of an Employee's spouse as the beneficiary is automatically revoked if the marriage is later dissolved. If the Employee wishes to name his or her former spouse

as beneficiary, a new beneficiary designation form must be completed and submitted after the effective date of the dissolution of marriage. It shall be the responsibility of the individual who claims to be the designated beneficiary to demonstrate that a designation or change has been so received by the Trustees if Fund records do not reflect such designation or change. (Complaint in Interpleader, ¶12)

14.    At the time of the death of George W. Caviness, Jr., there was no designated beneficiary form on file with the Fund. (Complaint in Interpleader, ¶16)

15.    Section 6.04(b)(2) of the NEI Pension Plan provides:

Upon the death of an Employee whose primary designated beneficiary has predeceased him or whose beneficiary designation was revoked under (b)(1), above, amounts otherwise payable to the designated beneficiary shall be paid to the alternate designated beneficiary on the Designation Form on record with the Fund, if any. If there is no such alternate designated beneficiary or the alternate designated beneficiary has predeceased the Employee or the Employee has not filed a Designation Form with the Pension Fund, the death benefit shall be paid to the first primary beneficiary listed on the Employee's Designated Beneficiary form for life insurance benefits from the National Elevator Industry Health Benefit Plan. If no such Designated Beneficiary exists, according to National Elevator Industry Health Benefit Plan records, as of the Employee's date of death, there shall be no Pre-Retirement Death-in-Service Benefit payable by the Fund on behalf of the Employee. (Complaint in Interpeader, ¶13)

16.    Rhonda Caviness Pierce, in her capacity as mother and guardian of D. C., a minor, filed a claim for the pension benefits of George W. Caviness, Jr. on behalf of D. C. and Dallas C. Caviness by virtue of the Final Judgment of Divorce and Agreement of the Parties entered in the Circuit Court of Shelby County, Alabama. (Complaint in Interpleader, ¶ 16)

17.     Robert W. Caviness filed a claim for the pension benefits of George W. Caviness, Jr.  (Complaint in Interpleader, ¶ 16)

18.     No payments have been made to either the Caviness Defendants or Robert W. Caviness from the Fund for the Pre-retirement Death-in-Service Benefits.

19.     On March 7, 2008, the Trustees of the National Elevator Industry Pension Fund, faced with competing claims, filed a Complaint in Interpleader with this Court and deposited the disputed funds into the Court's Registry. The Fund will deposit with the Court on a monthly basis the amount of $1,113.57 until the earlier of the resolution of the matter by the Court or the expiration of the 10 year period under the terms of the Plan.  If the Court resolves the matter prior to the expiration of the 10-year period, the Fund will start making payments to the beneficiary as determined by the Court until the earlier of the beneficiary's death or the expiration of the 10-year period.  (Complaint in Interpleader ¶21)

20.     On July 24, 2008, the Fund filed a Motion to Dismiss from Interpleader.

## STANDARD OF REVIEW

1.     A party is entitled to summary judgment "If the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 106 S. Ct. 2548, 91 L. Ed. 2d, 265 (1986).  The

moving party has the initial burden of demonstrating to the court the basis for its motion and identifying the specific portions of the record establishing the absence of a genuine issue of material fact. *Id*. at 323, 106 F. Ct. 2548. This burden is satisfied either by presentation as evidence showing there is no genuine dispute as to material facts, or by showing that the nonmoving party has failed to present evidence in support of the elemental prerequisites to his or her claims on which the nonmoving party has the burden of proof. *Id*. at 322-324, 106 F. Ct. 2548.

2.      Evidence submitted in opposition to summary judgment by the nonmoving party is entitled to be believed. Moreover, the nonmoving party can contest summary judgment with justifiable inferences drawn from the evidence. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S. ct. 2505, 91 L. Ed. 2d 202 (1986). Even with this presumption, the nonmoving party cannot rely on the pleadings and must demonstrate a genuine issue for trial through its own affidavits or by specific record citations, including depositions and admissions on file. FRCP 56(e). The nonmoving party ". . . must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L. Ed. 2d 538 (1986). Absent competent evidence of a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. FRCP 56(c).

## BRIEF IN SUPPORT OF MOTION FOR
## SUMMARY JUDGMENT

The undisputed facts of this case demonstrate that George W. Caviness did not designate a beneficiary of his Pre-retirement Death-in-Service Benefits as prescribed by the Fund. When an employee has failed to file a Designation Form with the Fund, pursuant to NEI Pension Plan, section 6.04(b)(2), "the death benefit shall be paid to the first primary beneficiary listed on the Employee's Designated Beneficiary form for life insurance benefits from the National Elevator Industry Health Benefit Plan."

In December 2004, George W. Caviness, Jr. named his brother, Robert W. Caviness, as the beneficiary of the life insurance policy proceeds. However, George W. Caviness, Jr. was under a legal obligation to name his two minor sons as beneficiaries of his life insurance benefits. The Final Judgment of Divorce required George W. Caviness, Jr. to maintain and name D. C. and Dallas Caviness the irrevocable beneficiaries of the policy of life insurance on his life provided through his employer for so long as there is an obligation for child support or college expenses to be paid. At the time of his death, George W. Caviness, Jr. was obligated to pay child support for D. C. In January of 2007, D. C. was still a minor, unmarried and supported solely by his mother.

The question before the Court is whether George W. Caviness, Jr., an employee benefit welfare plan participant, waived his right to change the beneficiary of his life insurance under the NEI Health Benefit Plan by entering

into the property settlement incorporated in the divorce decree. The law in Alabama, the District and Circuit provides that when George W. Caviness, Jr. entered into the divorce settlement, he waived the right to name anyone other than his children as beneficiaries to the policy and any attempt to designate another as beneficiary is a nullity.

Applying equitable principles under Alabama law, the Caviness Defendants, as the rightful beneficiaries to the life insurance benefits, and, as the named beneficiaries of the life insurance benefits from the NEI Health Benefit Plan, would be the proper beneficiaries of George W. Caviness, Jr.'s Pre-retirement Death-in-Service Benefits.

## A. ERISA does not address whether a participant in an employee welfare benefit plan can waive by property settlement agreement his right under the plan to change the beneficiary of his life insurance, and therefore, an analysis of state law is in order.

The question of waiver in this context was addressed in this District in *Lewis v. Bice*, U.S. Dist. LEXIS 21560 (M.D. Ala. 1997). In *Lewis*, Gregory Bice was a participant in his employer's benefit welfare plan. He obtained a life insurance policy through the plan wherein he named his spouse, Tammy Bice Lewis, as beneficiary. In 1991, Gregory Bice and Tammy Bice Lewis divorced. The order of marriage dissolution entered by the state court incorporated a marital agreement executed by the parties. The marital agreement included a provision that required Gregory Bice to name the couple's two children as irrevocable

beneficiaries of the life insurance policy until the youngest son reached the age of twenty-two.

In 1992, Gregory Bice remarried and, in 1995, he modified his life insurance policy to name his new spouse as the primary beneficiary. Gregory Bice died in 1996. Following his death, Tammy Bice Lewis, as next friend for the two children, filed suit in state court requesting the court declare the children as the rightful beneficiaries of Gregory Bice's life insurance. The defendant removed the case to federal court.

The District Court in *Lewis* engaged in a three-step analysis in determining the participant's waiver of his right to change the beneficiary under the ERISA plan. First, Judge DeMent concluded that ERISA does not address whether a participant may waive his right to designate a beneficiary. Second, since the issue is not addressed in ERISA, the court determined it must look for guidance in the federal common law. [1] In turn, federal common law requires the prevailing state common law be consulted and adopted, as long as the state common law comports with the policy behind ERISA. Judge DeMent found prevailing state common law provides that if a divorce decree requires an irrevocable life insurance beneficiary designation be made, the designee is entitled to the proceeds even if the decedent

---

[1] Although 29 U.S.C. § 1104(a)(1)(D) states that a "fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants . . . and beneficiaries and in accordance with the documents and instruments governing the plan," "[o]ther Circuits have held that ERISA does not answer the question of who should receive the proceeds of an insurance policy when there is a conflict between the named beneficiary and the mandate of marriage dissolution documents; instead, these courts have relied on federal common law to inform their decisions." *Lewis* at *5. See also *Metropolitan Life Insurance Company v. Flinkstrom*, 10-11 (Mass. 2004) (citing Estate of *Altobelli v. Int'l Bus. Machs. Corp.*, 77 F.3d 78, 80-82 (4th Cir. 1996); *Mohamed v. Kerr*, 53 F.3d 911, 914-15 (8th Cir. 1995), cert. denied, 516 U.S. 868 (1995); *Brandon v. Travelers Insurance Co.*, 18 F.3d 1321, 1326-27 (5th Cir. 1994); *Metro. Life Ins. Co. v. Hanslip*, 939 F. 2d 904, 907 (10th Cir. 1991); *Fox Valley & Vincinity Constr. Workers Pension Fund v. Brown*, 897 F.2d 275, 280-82 (7th Cir. 1990), cert. denied, 498 U.S. 820 (1990)).

designated another beneficiary. Third, Judge DeMent concluded Alabama's common law is consistent with the policy behind ERISA.

In *Lewis*, Judge DeMent turned to Alabama state law to determine who should receive the proceeds of Mr. Bice's insurance. He reviewed the case of *Williams v. Williams*, 276 Ala. 43, 158 So. 2d 901 (Ala. 1963). In *Williams*, the beneficiary named in a life insurance policy conflicted with the insured's promise, memorialized in a divorce decree, to make his children irrevocable beneficiaries under that policy. The court held the insured's children were entitled to the proceeds of the insurance policy. The *Williams* court stated as follows:

> An agreement by an insured, in consideration of the settlement of property rights by which he agrees to make his children the sole irrevocable beneficiaries of a policy of life insurance, vests them with an equitable interest therein which may not be defeated without their consent, and the insured cannot defeat the equitable right of a beneficiary by failing to act…. The legal consequence of the decree in the divorce suit was to give the children a vested equitable interest in the policy, and the subsequent change of beneficiary did not establish superior rights in the new beneficiary.

In *Lewis*, Judge DeMent concluded the participant's children were entitled to the proceeds from an employer life insurance plan. The court denied the claim of the widow (his designee) because under the marital agreement incorporated into the participant's order of marital dissolution Mr. Bice agreed to designate his children as irrevocable beneficiaries of such life insurance, thereby creating an equitable interest in the proceeds for the children and waiving his right to designate an alternate beneficiary.

Judge DeMent's application of federal common law in *Lewis* to determine the proper recipient of benefits under an ERISA plan when a party has waived its rights in external documents is a method accepted in the majority of Circuits, including the Eleventh Circuit. If the statutory text of ERISA is silent on an issue, courts have the authority "to develop a body of federal common law to govern issues in ERISA actions not covered by the act itself." *Horton v. Reliance Standard Life Ins. Co*., 141 F.3d 1038, 1041 (11th Cir. 1998) (citation omitted); see also *Dixon v. Life Ins. Co. of N. Am*., 389 F.3d 1179, 1183 (11th Cir. 2004) ("Although comprehensive in many respects, ERISA is silent on matters of contract interpretation. The courts have thus produced a body of federal common law providing such guidance.").

In *Estate of Altobelli v. Int'l Business Machines*, 77 F.3d 78 (4th Cir. 1996), the Court was asked to determine "whether a divorced spouse, who was the designated beneficiary under her ex-husband's ERISA plan, effectively waived her benefits via marital settlement agreement that was incorporated into a divorce decree." The *Altobelli* Court held that "ERISA" does not address this topic directly, so federal courts may resolve it by developing federal common law." *Id*. at 80.

The Fifth Circuit has also adopted the federal common law approach, stating, "in this Circuit, the determination of who is entitled to the proceeds of an ERISA plan providing . . . benefits may depend upon more than merely the plan documents, and may be properly defined by reference to the federal common law

of waiver as applied to the particular facts of the case." *Manning v. Hayes*, 212 F.3d 866, 871 (5th Cir. 2000). The Court in *Manning* noted that "the Sixth Circuit is the only circuit to unambiguously employ this minority approach (referring to the Sixth Circuit's sole reliance on ERISA § 1104(d) in determining payment of plan benefits).

In *Fox Valley & Vic. Const. Wkrs. Pen. F. v. Brown*, 897 F.2d 275, 281 (7th Cir. 1990), the Court noted that "[t]he ability of a spouse to waive rights to a benefit through a specific waiver in a divorce settlement has been recognized by many courts and we adopt that rule for the purposes of ERISA."

In *Mohamed v. Kerr*, 53 F.3d 911, 913 (8th Cir. 1995), the Court noted that "where there is no federal statutory law to apply in ERISA litigation, federal common law . . . should be applied." In *Mohamed*, the Court applied such federal law of waiver and concluded that "a settlement entered into pursuant to a judgment of dissolution may divest a former spouse of beneficiary rights . . . even when the beneficiary designation has not been changed before the death of the insured." Id. at 914 (referring to *Metropolitan Life Ins. Co. v. Hanslip*, 939 F.2d 904 (10th Cir. 1991))[2].

**B.    The effect of a participant's waiver of his right to name the beneficiary of the life insurance proceeds is to nullify any subsequent attempts to change the beneficiary designation.**

---

[2] In *Metropolitan Life Ins. Co. v. Hanslip*, the Court held "that absent any applicable divorce decree dictating otherwise, the beneficiary designation on file controls the disposition of this case. *Hanslip* at 907.

The effect of a waiver of the right to designate the beneficiary of the life insurance proceeds through a divorce decree is to nullify any subsequent designations.  The Eleventh Circuit nullified a beneficiary designation made contrary to the terms of a divorce decree in *Prudential Insurance Co. of America v. Boyd*, 781 F. 2d 1494, (11th Cir. 1986).  In *Boyd*, Daniel Boyd was required by his divorce decree to designate his two minor children as irrevocable beneficiaries of his life insurance.  Subsequently, Daniel Boyd named his second wife as beneficiary.  In addressing the issue, the court turned to Florida state law.  In doing so, the court found, "Florida courts have consistently construed provisions similar to this one to require the insured to name the person so designated by the divorce decree to be the beneficiary of the life insurance policy, and to **nullify attempts to name another person as beneficiary**." *Id*. At 1496 (emphasis added).   Relying heavily on *Dixon v. Dixon*, 184 So. 2d 478 (Fla. 2d DCA 1966), the *Boyd* court held that Daniel Boyd was divested of his ownership of the proceeds of his life insurance policy and the divorce decree created an indefeasible interest in the proceeds of the policy in his two children.  *Boyd, supra*.

The U. S. District Court for the Middle District of Florida followed the holding in *Boyd* when faced with a similar situation in *Primerica Life Ins. Co. v. Moore*, 2008 U.S. Dist. LEXIS 34586.   In *Moore*, again the decedent was required, pursuant to a divorce decree, to name his minor children as irrevocable beneficiaries to his life insurance policy.  The court, relying on *Boyd* and *Dixon*, held the divorce decree divested the decedent of his ownership of the life

insurance policy and created an indefeasible interest in the proceeds of the life insurance policy in the children. The Court stated, "…*Boyd* establishes that Joe Moore's execution of a Change Beneficiary form on July 25, 2005, designating Sally Ann Moore as sole beneficiary, is void." *Id*. at *11.

The district court in *Central States Health & Welfare Fund v. Boyd*, 762 F. Supp 1263 (S.D. Miss. 1991), also cited the Eleventh Circuit's decision in *Boyd* when considering the same issue. The court in *Central States* was faced with the issue of whether the property settlement agreement prohibiting amendment to the beneficiary of an ERISA plan voids a subsequent beneficiary change.

The *Central States* court performed an analysis analogous to that in *Lewis, supra*., regarding ERISA. The court determined ERISA did not address whether a participant in an employee welfare benefit plan can waive by property settlement agreement the right under the plan to change the beneficiary of the life insurance; therefore, the court considered Mississippi state law to determine the proper recipient of the plan benefits.

The court in *Central States* ultimately held as follows:

> No ERISA provision prevents employees from relinquishing rights connected with employee welfare benefits and in this instance [decedent] contracted away his right to change the beneficiary of the policy in question.

> Based on the foregoing, the court concludes that the property settlement agreement entered by [decedent], requiring him to make [ex-wife] irrevocable beneficiary of his life insurance policy, and his subsequent designation of [ex-wife] as beneficiary, **destroyed his right to name [widow] beneficiary and rendered that final attempted change a nullity**. *Id* at 1267.

A review of applicable Alabama law leads to the same conclusion as that in *Boyd*, *Moore* and *Central States*.  When a plan participant has waived his right to name the beneficiary of plan benefits via a consensual property settlement agreement, equity will disregard any attempted change of beneficiary and prevent the receipt of benefits by the invalid beneficiary.  The seminal case in Alabama is *Williams v. Williams*, *supra*.  In *Williams*, the insured father was ordered in a divorce decree to name his children as beneficiaries of his life insurance policies.  Notwithstanding that order, he designated his mother as beneficiary.  Finding that the children were entitled to the proceeds of their father's life insurance policy, the Alabama Supreme Court Stated:

> In violation of the agreement and the decree, the insured wrongfully attempted to deprive his children of the proceeds of the policy by an attempted change of beneficiary.  **Equity will intervene and declare them the beneficiaries [of] the policy**.

276 Ala. at 46, 158 So. 2d at 903 (emphasis added).  See also *State Farm Life Ins. Co v. Gordy*, 1991 U.S. Dist. LEXIS 7228 (S.D. Ala. Apr. 15, 1991) and *Posey v. Prudential Insurance Co. of America*, 383 So. 2d 849 (Ala. 1980).

In this case, George W. Caviness, Jr. voluntarily entered into a property settlement agreement with Rhonda Caviness that was incorporated into the Final Judgment of Divorce and which provided that George W. Caviness, Jr. would maintain and name his two minor children the irrevocable beneficiaries of a policy of life insurance on his life.  Accordingly, the Final Judgment of Divorce entered

on February 23, 2004, divested George W. Caviness, Jr., of his ownership of the life insurance policy and created an indefeasible interest in the life insurance policy for the Caviness Defendants. George W. Caviness, Jr. violated the Final Judgment of Divorce when he failed to name the children as beneficiaries. George W. Caviness, Jr.'s subsequent designation of Robert Caviness as beneficiary of the life insurance benefits is void, a nullity.

With no designated beneficiary form on file with the Pension Fund and the designation of Robert Caviness as life insurance beneficiary a nullity, the Final Judgment of Divorce stands in the place of the life insurance beneficiary designation form and names the Caviness Defendants the beneficiaries of the life insurance benefits from the NEI Health Benefit Plan. As the rightfully named beneficiaries of the life insurance benefits, the Caviness Defendants are entitled to George W. Caviness, Jr.'s Pre-retirement Death-in-Service Benefits pursuant to NEI Pension Plan, section 6.04(b)(2).

Alternatively, on March 12, 2008, the Fund deposited the Pre-Retirement Death-in-Service Benefits into the Court's Registry. The Fund subsequently filed a Motion to Dismiss from Interpleader wherein the Fund states it does not have, nor claim, any interest in the sums in dispute, and has, at all times, been willing to pay the sums to the lawfully entitled party. The Caviness Defendants are the lawfully entitled party and should receive the pension benefits through normal testamentary distribution.

George W. Caviness, Jr.'s Last Will and Testament devises and bequeaths all of his real and personal property to his wife, Rhonda Caviness. However, on or about February 23, 2004, the Circuit Court of Shelby County, Alabama entered a Final Judgment of Divorce dissolving the marriage of George W. Caviness, Jr. and Rhonda R. Caviness.

Under Alabama law, a dissolution of marriage revokes any such devise to Rhonda Caviness and stipulates the property to pass as though Rhonda Caviness predeceased George W. Caviness, Jr. Alabama Code of 1975, §43-8-137 states in applicable part:

> If after executing a will the testator is divorced or his marriage annulled, the divorce or annulment revokes any disposition or apportionment of property made by the will to the former spouse…Property prevented from passing to a former spouse because of revocation by divorce or annulment passes as if the former spouse failed to survive the decedent…

Pursuant to George W. Caviness, Jr.'s Last Will and Testament, all real and personal property would pass to Dallas Caviness and D. C. in the event Rhonda Caviness were to predecease him. The result would be the same if no will existed as, pursuant to Code of Ala. § 43-8-42 (1975), the children of an unmarried decedent are entitled to the decedent's property. Therefore, the Caviness Defendants are lawfully entitled to the Pre-Retirement Death-in-Service Benefits deposited with the Court.

## **CONCLUSION**

In the present case, the Agreement of the Parties attached to the Final Judgment of Divorce required George W. Caviness, Jr. to name Dallas Caviness and D. C. as irrevocable beneficiaries under his insurance policy. The agreement states in Section 4, paragraph (d) as follows:

> Husband shall maintain and name the children the irrevocable beneficiary of a policy of life insurance on his life provided through his employer for so long as there is an obligation for child support or college expenses to be paid. Husband shall provide to the Wife proof, in writing, from the insurance company issuing said policy that said coverage is in full force and effect and that all premiums due have been paid.

Under the law of this Circuit, George W. Caviness, Jr. waived his right to change the policy beneficiary. At the time George W. Caviness, Jr. signed the change of beneficiary form, he no longer retained the prerogative of renaming the beneficiary. Accordingly, the designation of Robert Caviness as beneficiary of the insurance policy should be nullified and D. C. and Dallas Caviness declared the proper beneficiaries. And as the proper beneficiaries of the life insurance benefits from the National Elevator Industry Health Benefit Plan, the Caviness Defendants are entitled to George W. Caviness, Jr.'s Pre-retirement Death-in-Service Benefits pursuant to NEI Pension Plan, section 6.04(b)(2).

WHEREFORE, the Caviness Defendants respectfully request that this Court (1) grant judgment in their favor against remaining interplead Defendant Robert W. Caviness; and (2) enter orders, in accordance with their pleadings,

establishing their right to the subject pension fund benefits, and award the

Caviness Defendants all other relief to which they are entitled.

DATED this the 25th day of July 2008.

/s/ John W. Dodson
John W. Dodson (ASB-9724-D65J)
*Attorney for Rhonda Caviness Pierce and D. C.*

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama  35243-0189
205-879-8722 - phone
205-879-8831 - fax

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this the 25th day of July 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

George Davies
NAKAMURA, QUINN, WALLS, WEAVER & DAVIES, LLP
Lakeshore Park Plaza, Suite 130
2204 Lakeshore Drive
Birmingham, Alabama 35209
Tel: (205) 870-9989
Email:

Terrie. S. Biggs, Esq.
CAPELL & HOWARD, P.C.
150 South Perry Street
Post Office Box 2069
Montgomery, Alabama 36102-2069
Tel: (334) 241-8000
tsb@chlaw.com

Thomas H. Claunch, III, Esq.
HARDING & CLAUNCH, LLC
2800 Zelda Road, Suite 100-9
Montgomery Alabama, 36106
Tel: (334) 356-6070
tclaunch@knology.net

/s/ John W. Dodson
OF COUNSEL

EXHIBIT
A

### IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

*IN RE:   THE MARRIAGE OF*

|  |  |  |
|---|---|---|
| RHONDA R. CAVINESS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| VS. | ) | DR 03 857 HBH |
| | ) | |
| GEORGE W. CAVINESS, JR., | ) | |
| | ) | |
| DEFENDANT. | ) | |

### FINAL JUDGMENT OF DIVORCE

This cause, coming on to be heard, was submitted for final judgment upon the Plaintiff's Complaint, Answer and Waiver of the Defendant, and Testimony as noted by the Notary Public. Upon consideration thereof, it is ORDERED and ADJUDGED by the Court as follows:

FIRST:      That the bonds of matrimony heretofore existing between the parties are dissolved, and the said Plaintiff, Rhonda R. Caviness and said Defendant, George W. Caviness, Jr., are divorced each from the other.

SECOND:      That neither party shall marry again except to each other until sixty (60) days after the date of the Judgment of Divorce, and if an appeal is taken (which must be instituted within forty-two (42) days from this Judgment, or from the date that a post-trial motion is denied), then neither party shall again marry except to each other during the pendency of the appeal. Thereafter, each party may, and they are hereby, permitted to again contract marriage upon the payment of costs of this suit.

THIRD:      That the Agreement of the parties filed herein, a copy of which is attached hereto and made a part hereof as though set forth herein, should be and the same is hereby RATIFIED, APPROVED and CONFIRMED by the Court and same shall be fully binding on both Plaintiff and Defendant. The Plaintiff and Defendant are each hereby ORDERED and DIRECTED by the Court to faithfully perform their respective obligations as set forth therein.

FOURTH:      That the award of child support made herein was determined by application of the Child Support Guidelines established by Rule 32, A.R.J.A. Copies of the guideline forms have been filed herein and are made a part of the record in this cause.

FIFTH:      It is further ORDERED by the Court that in the event the obligor becomes delinquent in a dollar amount equal to one month of support payment as herein ordered and upon written affidavit of the obligee of such delinquency, or upon request of the obligor, or upon the Court's own motion, the Income Withholding Order for child support,

*Caviness v. Caviness DR 03 857 HBH*
*Final Judgment of Divorce*
*Page 2*

which order is contained on separate paper and is specifically incorporated as a part of this decree as required by Title 30-3-61, <u>1975 Code of Alabama</u>, shall be served upon the obligor's employer and shall become effective immediately upon service of same.

SIXTH:     That costs of Court in this cause are taxed as paid.

SEVENTH:     In accordance with the Alabama Parent-Child Relationship Protection Act, an Addendum No. 1 is attached to and made a part of the Court's Order of custody determination made in this case, and the parties to said determination shall abide by the terms and conditions thereof.

\*\*\* Final Item \*\*\*

DONE and ORDERED this the 23rd day of February, 2004.

_____
CIRCUIT JUDGE



I, Mary Harris, Clerk and Register of the Circuit Court for Shelby County, Alabama, do hereby certify that the foregoing is a correct copy of the original decree rendered by the Judge of the Circuit Court in the above stated cause, which said decree is on file and enrolled in my office.

Witness by hand and seal this the 23rd
day of February 2004

_____
Clerk & Register of Circuit Court

<u>Addendum No. 1 to Final Judgment of Divorce</u>

<u>RELOCATION OF CHILD (REN)</u>

Alabama law requires each party in this action who has either custody of or the right of visitation with a child to notify other parties who have custody of or the right of visitation with the child of any change in his or her address or telephone number, or both, and of any change or proposed change of principal residence and telephone number or numbers of a child. This is a continuing duty and remains in effect as to each child subject to the custody or visitation provisions of this decree until such child reaches the age of majority or becomes emancipated and for so long as you are entitled to custody of or has visitation with a child covered by this order. If there is to be a change of principal residence by you or by a child subject to the custody or visitation provisions of this order, you must provide the following information to each other person who has custody or visitation rights under this decree as follows:

(1)    The intended new residence, including the specific street address, if known.

(2)    The mailing address, if not the same as the street address.

(3)    The telephone number or numbers at such residence, if known.

(4)    If applicable, the name, address, and telephone number of the school to be attended by the child, if known.

(5)    The date of the intended change of principal residence of a child.

(6)    A statement of the specific reasons for the proposed change of principal residence of a child, if applicable.

(7)    A proposal for a revised schedule of custody of or visitation with a child, if any.

(8)    Unless you are a member of the Armed Forces of the United States of America and are being transferred or relocated pursuant to a non-voluntary order of the government, a warning to the non-relocating person that an objection to the relocation must be made within 30 days of receipt of the notice or the relocation will be permitted.

You must give notice by certified mail of the proposed change of principal residence on or before the 45th day before a proposed change of principal residence. If you do not know and cannot reasonably become aware of such information in sufficient time to provide a 45-day notice, you must give such notice by certified mail not later than the 10th day after the date that you obtain such information.

You must give notice by certified mail of the proposed change of principal

principal residence of a child may be taken into account in a modification of the custody of or visitation with the child.

If you, as a non-relocating party, do not commence an action seeking a temporary or permanent order to prevent the change of principal residence of a child within 30 days after receipt of notice of the intent to change the principal residence of the child, the change of principal residence is authorized.



IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA
DOMESTIC RELATIONS DIVISION

RHONDA R. CAVINESS,                )
                                   )
          PLAINTIFF,               )
                                   )        CIVIL ACTION NO.:
VS.                                )        DR 2003 857 HBH
                                   )
GEORGE W. CAVINESS, JR.,           )
                                   )
          DEFENDANT.               )

## AGREEMENT OF THE PARTIES

WHEREAS, Rhonda R. Caviness, hereinafter referred to as "Wife," has filed a

Bill of Complaint for Divorce against George W. Caviness, Jr., hereinafter referred to as

"Husband," in the Circuit Court of Shelby County, Alabama, and

WHEREAS, the parties have agreed with each other as to the settlement of their

affairs and have expressed the desire that this Agreement be made a part of any final

judgment of divorce which may be rendered in this cause,

IT IS, THEREFORE, agreed and understood by and between the parties as

follows:

1.    **Custody.**

      (a)    The Wife shall have the care, custody and control of the minor

children of the marriage, namely, Dallas Caviness, 18 years of age, d.o.b. August 21,

1985 and [redacted] *D. C.* 12 years of age, d.o.b. April 2, 1991.

      (b)    It is the intention of the parties that the minor children have free

and open access to both parents; they shall foster that access by permitting and

Caviness v. Caviness DR 03 857 HBH
Agreement of the Parties
Page 1 of 7

*RC* ___ Initials

encouraging open communication and encouraging the minor children to spend time with both parents in accordance with the wishes of the minor children.

2.    Child Support and Income Withholding Order.

(a)    Husband shall pay to Wife Four Hundred Eighty Eight and 00/100 Dollars ($488.00) per month for the support and maintenance of the minor child, D. C. until such time as the minor child shall reach the age of nineteen (19), marry or become self-supporting, whichever shall first occur. It is the intent of the parties that as the child support obligation may change, they shall determine the correct amount to be paid under the guidelines without the necessity of a formal modification. However, in the event that the parties cannot agree, either party may petition the Court for a modification under the law existing at that time. No support is being paid at this time for Dallas Caviness as he is working and contributing to his own support.

(b)    That reference is hereby made in this Agreement to a separate Order entitled, Order of Continuing Withholding for Support, pursuant to Code of Alabama, 1975 section 30-3-60, et. seq., which shall be entered and NOT served upon Husband's employer. As an alternative, Husband shall make all payments directly to Wife.

3.    College Education.

Husband and Wife shall each pay and be responsible for one-half (½) of expenses related to the children's college education. This responsibility shall include expenses for an undergraduate degree based on the prevailing rates at the University of Alabama. Expenses to include: room, board, books, tuition, and fees, less any scholarships and the like. The parties' obligation for said expenses shall be conditioned

Caviness v. Caviness DR 03 857 HBH
Agreement of the Parties
Page 2 of 7

Initials

upon the following: The child's enrollment status be at a minimum a "part-time" student; the child progressing towards a degree; the child maintaining a "C" or better overall grade point average; and, a copy of the child's grades being sent to both parents as soon as same are received by the child or other parent. Enrollment must be continuous for the period of this obligation, except that the child may take a hiatus for a period of up to one quarter/semester per year.

4.     <u>Insurance</u>.

*Medical Insurance*

(a)     Husband shall provide and maintain major medical and hospitalization insurance for the benefit of the minor children for so long as he has an obligation to pay child support or college expenses as set out herein.  Husband shall provide to Wife a proper identification card within thirty (30) days from the date of this agreement of the parties.

(b)     Husband and Wife shall each pay and be responsible for paying one-half ( ½ ) of all non-covered medical expenses incurred for the children including, but not limited to, hospital, doctor, dental, orthodontic, optical care, psychological, prescription drugs and the like.

(c)     Each party is to provide the other with bills, receipts, invoices, or other statements for major medical, dental and health costs incurred for and on behalf of the minor children within 30 days of receipt by said party.  If one party is called upon to pay for said expenses at the time of service being rendered, the other party shall promptly reimburse the paying party.

Initials

*Life Insurance*

(d)     Husband shall maintain and name the children the irrevocable beneficiary of a policy of life insurance on his life provided through his employer for so long as there is an obligation for child support or college expenses to be paid. Husband shall provide to the Wife proof, in writing, from the insurance company issuing said policy that said coverage is in full force and effect and that all premiums due have been paid.

5.     <u>Alimony</u>.

The issue of alimony payable from Husband to Wife is hereby reserved for future Order of the Court.

6.     <u>Real Property</u>.

Wife is awarded the full right, title and interest of the parties in and to the family home situated at 1554 Sequoia Trail, Helena, Alabama 35080 and Husband is divested of any right, title or interest therein. Husband shall convey his interest in said home to Wife by appropriate deed. Wife shall assume and pay the indebtedness against said home and all other charges, assessments, taxes and insurance connected with it.

7.     <u>Personal Property</u>.

*Furniture and Furnishings*

(a)     The parties have amicably divided all furniture, furnishings, fixtures, appliances, goods and wares located in the marital residence.

*Automobiles*

(b)     The Husband shall have all right, title and interest in the 2003 Ford Ranger automobile and 1985 Ski Nautique boat and Wife is divested of any and all right,

Initials

title and interest therein. Husband shall be responsible for any outstanding indebtedness due and owing on said automobile and shall indemnify and hold Wife harmless therefrom.

(c)     Wife shall be vested with all right, title and interest in the 2000 Jeep Cherokee automobile and Husband is divested of any and all right, title and interest therein. Wife shall be responsible for any outstanding indebtedness due and owing on said automobile and shall indemnify and hold Husband harmless there from.

(d)     The 1971 Chevelle shall be transferred to the minor child, Dallas Caviness as soon as practicable for his use and benefit.

*Other Personal Property*

(e)     The parties agree that each has made full and fair disclosure of any assets, real and personal, vested in either of them, and each shall take sole title to and possession of all items of personal property currently in his or her name or belonging solely to him or her (and not specifically referred to in this agreement), including, without limitation, cash, checking and savings accounts, jewelry, securities, IRA's, KEOGH's and/or pension and profit-sharing plans, partnerships, business interests, insurance policies and the like, and each hereby renounces any interest that he or she may have in property vested in the other.

8.     Debts.

(a)     Wife has presently pending a Chapter 7 Bankruptcy Case pending and shall be responsible for any attorney fees or costs associated therewith.

(b)     Except as otherwise provided herein, each party shall be responsible for all debts in his or her separate name.

Initials

(c)    Each party warrants to the other that they have not incurred debts upon which the other party would be liable in any manner whatsoever which has not been disclosed.

(d)    Neither party shall hereafter directly nor indirectly incur further debts or credit obligations that would obligate the other party either individually or jointly.

(e)    Each party shall remove the name of the other party, or close the accounts, from any and all checking and savings accounts, credit cards, etc. within thirty (30) days from the entry of a final judgment herein.

9.    **Attorney's Fee and Court Costs.**

(a)    Each party shall be responsible for the payment of his or her attorney fees.

(b)    Court costs shall be taxed as paid.

10.    **Miscellaneous.**

(a)    That each party hereto acknowledges that each of them is making this Agreement of his or her own free will and volition and acknowledges that no coercion, force, pressure, or undue influence has been used against either party in the making of this Agreement, either by the other party hereto or by any other person or persons. The parties hereby further approve and acknowledge that they fully understand the terms, covenants and provisions of this Agreement and believe its terms to be fair, just and adequate and voluntarily accept such terms and conditions.

(b)    Each party hereto shall execute and deliver to the other party any documents that may be required to accomplish the intention of this instrument and shall

Initials

do all other things necessary to this end. If either party shall fail to comply with the provisions of this paragraph, this agreement shall constitute an actual grant, assignment, and conveyance of property and rights in such manner, and with such force and effect as shall be necessary to effectuate the terms of this Agreement.

(c)     Each party hereto has made a full disclosure of his or her assets and liabilities, each has been fully informed of his or her legal rights and obligations hereunder, and each has signed this agreement voluntarily, intending to be bound by it.

(d)     The parties understand that this agreement constitutes the entire contract between the parties and supersedes any prior understanding or agreements between them upon the subjects covered in this document. There are no representations or warranties other than as set forth herein.

WITNESS MY HAND and SEAL this the 23d day of January, 2004.

_Sandra P. Deason_
Witness

_Rhonda R. Caviness_
Rhonda R. Caviness

WITNESS MY HAND and SEAL this the 23d day of January, 2004.

_Sandra P. Deason_
Witness

_George W. Caviness, Jr._
George W. Caviness, Jr.

Caviness v. Caviness DR 03 857 HBH
Agreement of the Parties
Page 7 of 7

Initials

THE FRONT OF THIS DOCUMENT IS PINK - THE BACK OF THIS DOCUMENT IS BLUE AND HAS AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW.

This is a true and exact copy of the record on file with
The Jefferson County Department of Health

Signature of Local or Deputy Registrar                    February 12, 2007
                                                          Date of Issue

EXHIBIT
C

# ALABAMA
## CERTIFICATE OF DEATH

State File Number    101

| 1. DECEASED-NAME First | Middle | Last (Type or print names in all caps) | 2. DATE OF DEATH (Month, Day, Year) | 3. COUNTY OF DEATH |
|---|---|---|---|---|
| George | Walter | CAVINESS Jr. | January 25, 2007 | Jefferson |

| 7. IF HOSPITAL (Specify) Inpatient, ER or Outpatient "DOA" | 8. INSIDE CITY LIMITS | 9. PLACE OF DEATH - HOSPITAL OR OTHER INSTITUTION - (If not an institution, give street and number) |
|---|---|---|
| Gardendale    35071 | Yes | 4647 Cades Cove Drive |

| 14. AGE | 15. UNDER 1 YEAR | 16. UNDER 1 DAY | 16. DATE OF BIRTH (Month, Day, Year) | 5d. DECEASED'S SOCIAL SECURITY NUMBER |
|---|---|---|---|---|
| 45 | MONTHS  DAYS | HOURS  MINS. | January 17th 1962 | 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 |

Divorced

| 19. STATE OF BIRTH (If not U.S.A., name country) | 20. RESIDENCE-STATE | 21. COUNTY | 22. CITY, TOWN, LOCATION AND ZIP CODE |
|---|---|---|---|
| Alabama | Alabama | Jefferson | Gardendale    35071 |

| 23. INSIDE CITY LIMITS | 24. STREET AND NUMBER | 25. INFORMANT-Name and Address |
|---|---|---|
| Yes | 4647 Cades Cove Drive | Dallas Caviness  1552 Sequoia Trail Helena Alabama 35080 |

| 26. USUAL OCCUPATION (Give kind of work done during most of working life, even if retired) | 27. KIND OF BUSINESS OR INDUSTRY |
|---|---|
| Technician | Elevator Service |

| 28. FATHER-NAME First | Middle | Last | 29. MAIDEN NAME OF MOTHER |
|---|---|---|---|
| George | Walter | Caviness, SR. | Barbara    McCarty |

| 30. DISPOSITION OF BODY (Specify) Burial, Cremation, Removal, Donation, Hospital Disposal, Other | 31. DATE OF DISPOSITION | 32. CEMETERY OR CREMATORY-Name | 33. LOCATION-City or Town-State |
|---|---|---|---|
| Cremation | Jan 27, 2007 | John's Ridouts | Birmingham Alabama |

| 34. FUNERAL HOME-Name and Address | 35. FUNERAL DIRECTOR-Signature | 36. DATE SIGNED BY FUNERAL DIRECTOR |
|---|---|---|
| Gardendale Chapel  2029 Decator Hwy. Gldale Al. 35071 | | Jan. 30, 2007 |

37. Certifying Physician

Signature:

| 39. TIME AND DATE OF DEATH | 40. DATE AND TIME PRONOUNCED DEAD (For Coroner/M.E. use only) | 41. NAME AND TITLE OF PERSON WHO COMPLETED CAUSE OF DEATH (Item 45) | 38. DATE SIGNED (Month, Day, Year) |
|---|---|---|---|
| January 25, 2007 | January 25, 2007 @ 1020 | Robert M. Brissie, M.D.  Chief Coroner/Medical Examiner | February 8, 2007 |

| 42. ADDRESS OF PERSON WHO COMPLETED CAUSE OF DEATH (Item 45) | 43. CERTIFIER LICENSE NUMBER |
|---|---|
| 1515 South Sixth Avenue, Birmingham, Alabama 35233 | 9504 |

| 4. REGISTRAR - Signature | For State or County use only | 44. DATE FILED (Month, Day, Year) |
|---|---|---|
| Sherry L. Myers | | February 8, 2007 |

## MEDICAL CERTIFICATION

| 45. PART I. Enter the diseases, injuries or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock, or heart failure. LIST ONLY ONE CAUSE ON EACH LINE. | | APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH |
|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) → Sequelae secondary to acute and chronic ethanol abuse |  |  |

46. MANNER OF DEATH

Natural

47. HOW INJURY OCCURRED

ADPH HS-2/Rev. 11/93

This is a legal record and must be filed within five (5) days after death.



EXHIBIT
D

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, | ) ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| v. | ) ) | 2:08-cv-162-MEF |
| DALLAS CAVINESS, D.C. c/o RHONDA CAVINESS, AND ROBERT W. CAVINESS, | ) ) ) | |
| Defendants. | ) ) ) | |

## AFFIDAVIT OF RHONDA CAVINESS PIERCE

STATE OF ALABAMA     )
COUNTY OF JEFFERSON     )

COMES NOW the Affiant, Rhonda Caviness Pierce, who, after first being duly sworn under oath, deposes and states that the following facts are within her personal knowledge, and if called as a witness, the Affiant would testify competently thereto:

1.    My name is Rhonda Caviness Pierce.  I am over the age of nineteen (19) years and am competent to testify to the matters contained in this Affidavit.  I am a resident of Shelby County, Alabama.  I have personal knowledge of the contents of this affidavit.

2.    I am the mother of the defendants, Dallas Caviness, who was born on August 21, 1985 and D. C., who was born on April 2, 1991.

{W0209783.1}

3.    On or about February 23, 2004, the Circuit Court of Shelby County, Alabama entered a Final Judgment of Divorce dissolving my marriage with George W. Caviness, Jr. A true and correct copy of the Final Judgment of Divorce is attached hereto as **Exhibit 1**.

3.    As part of the Final Judgment of Divorce, the Circuit Court of Shelby County ratified, approved and confirmed the Agreement of the Parties executed on January 23, 2004, by George W. Caviness, Jr. and Rhonda R. Caviness. A true and correct copy of the Agreement of the Parties is attached hereto as **Exhibit 2**.

4.    On January 23, 2004, George W. Caviness, Jr. had a policy of life insurance on his life through the National Elevator Industry Health Benefit Plan.

5.    At the time of George W. Caviness, Jr.'s death on January 25, 2007, D. C. was 15 years of age, unmarried and under my care, custody and control. I was his sole means of support.

6.    George W. Caviness, Jr. executed his Last Will and Testament on May 14, 1995. A true and correct copy of the Last Will and Testament is attached hereto as **Exhibit 3.**

Further Affiant sayeth not.

_Rhonda Caviness Pierce_
RHONDA CAVINESS PIERCE

STATE OF ALABAMA     )
COUNTY OF JEFFERSON    )

     BEFORE ME, the undersigned authority, a notary public, in and for said county and state, personally appeared Rhonda Pierce, who being by me first duly sworn and who being known to me, deposes and states that the information set forth in the foregoing Affidavit is true and correct to the best of his knowledge, information and belief.

     SWORN TO and subscribed before me on this the _25th_ day of July, 2008.

                    _Catherine A. Sellers_
NOTARY PUBLIC
My Commission Expires: _11-4-08_

PAGE 3 OF 3

EXHIBIT

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

IN RE:    THE MARRIAGE OF

RHONDA R. CAVINESS,                    )
                                       )
              PLAINTIFF,               )
                                       )        CIVIL ACTION NO.:
VS.                                    )        DR 03 857 HBH
                                       )
GEORGE W. CAVINESS, JR.,               )
                                       )
              DEFENDANT.               )

## FINAL JUDGMENT OF DIVORCE

This cause, coming on to be heard, was submitted for final judgment upon the Plaintiff's Complaint, Answer and Waiver of the Defendant, and Testimony as noted by the Notary Public. Upon consideration thereof, it is ORDERED and ADJUDGED by the Court as follows:

FIRST:    That the bonds of matrimony heretofore existing between the parties are dissolved, and the said Plaintiff, Rhonda R. Caviness and said Defendant, George W. Caviness, Jr., are divorced each from the other.

SECOND:    That neither party shall marry again except to each other until sixty (60) days after the date of the Judgment of Divorce, and if an appeal is taken (which must be instituted within forty-two (42) days from this Judgment, or from the date that a post-trial motion is denied), then neither party shall again marry except to each other during the pendency of the appeal. Thereafter, each party may, and they are hereby, permitted to again contract marriage upon the payment of costs of this suit.

THIRD:    That the Agreement of the parties filed herein, a copy of which is attached hereto and made a part hereof as though set forth herein, should be and the same is hereby RATIFIED, APPROVED and CONFIRMED by the Court and same shall be fully binding on both Plaintiff and Defendant. The Plaintiff and Defendant are each hereby ORDERED and DIRECTED by the Court to faithfully perform their respective obligations as set forth therein.

FOURTH:    That the award of child support made herein was determined by application of the Child Support Guidelines established by Rule 32, A.R.J.A. Copies of the guideline forms have been filed herein and are made a part of the record in this cause.

FIFTH:    It is further ORDERED by the Court that in the event the obligor becomes delinquent in a dollar amount equal to one month of support payment as herein ordered and upon written affidavit of the obligee of such delinquency, or upon request of the obligor, or upon the Court's own motion, the Income Withholding Order for child support,

*Caviness v. Caviness DR 03 857 HBH*
*Final Judgment of Divorce*
*Page 2*

which order is contained on separate paper and is specifically incorporated as a part of this decree as required by Title 30-3-61, <u>1975 Code of Alabama</u>, shall be served upon the obligor's employer and shall become effective immediately upon service of same.

SIXTH:    That costs of Court in this cause are taxed as paid.

SEVENTH:    In accordance with the Alabama Parent-Child Relationship Protection Act, an Addendum No. 1 is attached to and made a part of the Court's Order of custody determination made in this case, and the parties to said determination shall abide by the terms and conditions thereof.

\*\*\* Final Item \*\*\*

DONE and ORDERED this the 23rd day of February, 2004.

CIRCUIT JUDGE



I, Mary Harris, Clerk and Register of the Circuit Court for Shelby County, Alabama, do hereby certify that the foregoing is a correct copy of the original decree rendered by the Judge of the Circuit Court in the above stated cause, which said decree is on file and enrolled in my office.

Witness by hand and seal this the 23rd

day of February 2004

Clerk & Register of Circuit Court

Case 2:08-cv-00162-MEF-CSC    Document 30-5    Filed 07/25/2008    Page 6 of 17

Addendum No. 1 to Final Judgment of Divorce

RELOCATION OF CHILD (REN)

Alabama law requires each party in this action who has either custody of or the right of visitation with a child to notify other parties who have custody of or the right of visitation with the child of any change in his or her address or telephone number, or both, and of any change or proposed change of principal residence and telephone number or numbers of a child. This is a continuing duty and remains in effect as to each child subject to the custody or visitation provisions of this decree until such child reaches the age of majority or becomes emancipated and for so long as you are entitled to custody of or has visitation with a child covered by this order. If there is to be a change of principal residence by you or by a child subject to the custody or visitation provisions of this order, you must provide the following information to each other person who has custody or visitation rights under this decree as follows:

(1)     The intended new residence, including the specific street address, if known.

(2)     The mailing address, if not the same as the street address.

(3)     The telephone number or numbers at such residence, if known.

(4)     If applicable, the name, address, and telephone number of the school to be attended by the child, if known.

(5)     The date of the intended change of principal residence of a child.

(6)     A statement of the specific reasons for the proposed change of principal residence of a child, if applicable.

(7)     A proposal for a revised schedule of custody of or visitation with a child, if any.

(8).     Unless you are a member of the Armed Forces of the United States of America and are being transferred or relocated pursuant to a non-voluntary order of the government, a warning to the non-relocating person that an objection to the relocation must be made within 30 days of receipt of the notice or the relocation will be permitted.

You must give notice by certified mail of the proposed change of principal residence on or before the 45th day before a proposed change of principal residence. If you do not know and cannot reasonably become aware of such information in sufficient time to provide a 45-day notice, you must give such notice by certified mail not later than the 10th day after the date that you obtain such information.

Your failure to notify other parties entitled to notice of your intent to change the

principal residence of a child may be taken into account in a modification of the custody of or visitation with the child.

If you, as a non-relocating party, do not commence an action seeking a temporary or permanent order to prevent the change of principal residence of a child within 30 days after receipt of notice of the intent to change the principal residence of the child, the change of principal residence is authorized.



IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA
DOMESTIC RELATIONS DIVISION

RHONDA R. CAVINESS,          )
                             )
          PLAINTIFF,         )
                             )        CIVIL ACTION NO.:
VS.                          )        DR 2003 857 HBH
                             )
GEORGE W. CAVINESS, JR.,     )
                             )
          DEFENDANT.         )

### AGREEMENT OF THE PARTIES

WHEREAS, Rhonda R. Caviness, hereinafter referred to as "Wife," has filed a Bill of Complaint for Divorce against George W. Caviness, Jr., hereinafter referred to as "Husband," in the Circuit Court of Shelby County, Alabama, and

WHEREAS, the parties have agreed with each other as to the settlement of their affairs and have expressed the desire that this Agreement be made a part of any final judgment of divorce which may be rendered in this cause,

IT IS, THEREFORE, agreed and understood by and between the parties as follows:

1.   <u>Custody.</u>

(a)   The Wife shall have the care, custody and control of the minor children of the marriage, namely, Dallas Caviness, 18 years of age, d.o.b. August 21, 1985 and ████████ 12 years of age, d.o.b. April 2, 1991.

(b)   It is the intention of the parties that the minor children have free and open access to both parents; they shall foster that access by permitting and

Caviness v. Caviness DR 03 857 HBH<br>
Agreement of the Parties<br>
Page 1 of 7

Initials

encouraging open communication and encouraging the minor children to spend time with both parents in accordance with the wishes of the minor children.

2.    <u>Child Support and Income Withholding Order</u>.

(a)    Husband shall pay to Wife Four Hundred Eighty Eight and 00/100 Dollars ($488.00) per month for the support and maintenance of the minor child, ~~D.C.~~ ~~████~~ until such time as the minor child shall reach the age of nineteen (19), marry or become self-supporting, whichever shall first occur.  It is the intent of the parties that as the child support obligation may change, they shall determine the correct amount to be paid under the guidelines without the necessity of a formal modification.  However, in the event that the parties cannot agree, either party may petition the Court for a modification under the law existing at that time.  No support is being paid at this time for Dallas Caviness as he is working and contributing to his own support.

(b)    That reference is hereby made in this Agreement to a separate Order entitled, Order of Continuing Withholding for Support, pursuant to <u>Code of Alabama</u>, 1975 section 30-3-60, et. seq., which shall be entered and NOT served upon Husband's employer.  As an alternative, Husband shall make all payments directly to Wife.

3.    <u>College Education</u>.

Husband and Wife shall each pay and be responsible for one-half (½) of expenses related to the children's college education.  This responsibility shall include expenses for an undergraduate degree based on the prevailing rates at the University of Alabama.  Expenses to include: room, board, books, tuition, and fees, less any scholarships and the like.  The parties' obligation for said expenses shall be conditioned

Caviness v. Caviness DR 03 857 HBH<br>Agreement of the Parties<br>Page 2 of 7

Initials

upon the following: The child's enrollment status be at a minimum a "part-time" student; the child progressing towards a degree; the child maintaining a "C" or better overall grade point average; and, a copy of the child's grades being sent to both parents as soon as same are received by the child or other parent. Enrollment must be continuous for the period of this obligation, except that the child may take a hiatus for a period of up to one quarter/semester per year.

4.    Insurance.

*Medical Insurance*

(a)    Husband shall provide and maintain major medical and hospitalization insurance for the benefit of the minor children for so long as he has an obligation to pay child support or college expenses as set out herein.  Husband shall provide to Wife a proper identification card within thirty (30) days from the date of this agreement of the parties.

(b)    Husband and Wife shall each pay and be responsible for paying one-half ( ½ ) of all non-covered medical expenses incurred for the children including, but not limited to, hospital, doctor, dental, orthodontic, optical care, psychological, prescription drugs and the like.

(c)    Each party is to provide the other with bills, receipts, invoices, or other statements for major medical, dental and health costs incurred for and on behalf of the minor children within 30 days of receipt by said party.  If one party is called upon to pay for said expenses at the time of service being rendered, the other party shall promptly reimburse the paying party.

Caviness v. Caviness DR 03 857 HBH
Agreement of the Parties
Page 3 of 7

Initials

*Life Insurance*

    (d)    Husband shall maintain and name the children the irrevocable beneficiary of a policy of life insurance on his life provided through his employer for so long as there is an obligation for child support or college expenses to be paid. Husband shall provide to the Wife proof, in writing, from the insurance company issuing said policy that said coverage is in full force and effect and that all premiums due have been paid.

    5.    <u>Alimony</u>.

    The issue of alimony payable from Husband to Wife is hereby reserved for future Order of the Court.

    6.    <u>Real Property</u>.

    Wife is awarded the full right, title and interest of the parties in and to the family home situated at 1554 Sequoia Trail, Helena, Alabama 35080 and Husband is divested of any right, title or interest therein. Husband shall convey his interest in said home to Wife by appropriate deed. Wife shall assume and pay the indebtedness against said home and all other charges, assessments, taxes and insurance connected with it.

    7.    <u>Personal Property</u>.

*Furniture and Furnishings*

    (a)    The parties have amicably divided all furniture, furnishings, fixtures, appliances, goods and wares located in the marital residence.

*Automobiles*

    (b)    The Husband shall have all right, title and interest in the 2003 Ford Ranger automobile and 1985 Ski Nautique boat and Wife is divested of any and all right,

Caviness v. Caviness DR 03 857 HBH
Agreement of the Parties
Page 4 of 7

Initials

title and interest therein. Husband shall be responsible for any outstanding indebtedness due and owing on said automobile and shall indemnify and hold Wife harmless therefrom.

(c)     Wife shall be vested with all right, title and interest in the 2000 Jeep Cherokee automobile and Husband is divested of any and all right, title and interest therein. Wife shall be responsible for any outstanding indebtedness due and owing on said automobile and shall indemnify and hold Husband harmless there from.

(d)     The 1971 Chevelle shall be transferred to the minor child, Dallas Caviness as soon as practicable for his use and benefit.

*Other Personal Property*

(e)     The parties agree that each has made full and fair disclosure of any assets, real and personal, vested in either of them, and each shall take sole title to and possession of all items of personal property currently in his or her name or belonging solely to him or her (and not specifically referred to in this agreement), including, without limitation, cash, checking and savings accounts, jewelry, securities, IRA's, KEOGH's and/or pension and profit-sharing plans, partnerships, business interests, insurance policies and the like, and each hereby renounces any interest that he or she may have in property vested in the other.

8.     Debts.

(a)     Wife has presently pending a Chapter 7 Bankruptcy Case pending and shall be responsible for any attorney fees or costs associated therewith.

(b)     Except as otherwise provided herein, each party shall be responsible for all debts in his or her separate name.

Caviness v. Caviness DR 03 857 HBH<br>
Agreement of the Parties<br>
Page 5 of 7

Initials

(c)    Each party warrants to the other that they have not incurred debts upon which the other party would be liable in any manner whatsoever which has not been disclosed.

(d)    Neither party shall hereafter directly nor indirectly incur further debts or credit obligations that would obligate the other party either individually or jointly.

(e)    Each party shall remove the name of the other party, or close the accounts, from any and all checking and savings accounts, credit cards, etc. within thirty (30) days from the entry of a final judgment herein.

9.    **Attorney's Fee and Court Costs.**

(a)    Each party shall be responsible for the payment of his or her attorney fees.

(b)    Court costs shall be taxed as paid.

10.    **Miscellaneous.**

(a)    That each party hereto acknowledges that each of them is making this Agreement of his or her own free will and volition and acknowledges that no coercion, force, pressure, or undue influence has been used against either party in the making of this Agreement, either by the other party hereto or by any other person or persons. The parties hereby further approve and acknowledge that they fully understand the terms, covenants and provisions of this Agreement and believe its terms to be fair, just and adequate and voluntarily accept such terms and conditions.

(b)    Each party hereto shall execute and deliver to the other party any documents that may be required to accomplish the intention of this instrument and shall

Initials

do all other things necessary to this end. If either party shall fail to comply with the provisions of this paragraph, this agreement shall constitute an actual grant, assignment, and conveyance of property and rights in such manner, and with such force and effect as shall be necessary to effectuate the terms of this Agreement.

(c)     Each party hereto has made a full disclosure of his or her assets and liabilities, each has been fully informed of his or her legal rights and obligations hereunder, and each has signed this agreement voluntarily, intending to be bound by it.

(d)     The parties understand that this agreement constitutes the entire contract between the parties and supersedes any prior understanding or agreements between them upon the subjects covered in this document. There are no representations or warranties other than as set forth herein.

WITNESS MY HAND and SEAL this the 23$^{d}$ day of January,
2004.

_____     _____
Witness     Rhonda R. Caviness

WITNESS MY HAND and SEAL this the 23$^{d}$ day of January,
2004.

_____     _____
Witness     George W. Caviness, Jr.

Caviness v. Caviness DR 03 857 HBH
Agreement of the Parties
Page 7 of 7

Initials



# Last Will and Testament

of

GEORGE WALTER CAVINESS, JR.

I, GEORGE WALTER CAVINESS, JR., residing in Shelby County, Alabama, being of sound mind and disposing memory and over the age of nineteen years, do make, publish and declare this to be my Last Will and Testament, hereby revoking all other wills and testaments heretofore made by me.

## ITEM I

I direct that all of my just debts and funeral expenses be paid out of my estate as soon after my death as can be conveniently accomplished.

## ITEM II

I give, devise and bequeath unto my wife, Rhonda Reeves Caviness, all of my real and personal property wherever the same may be situated, of whatever nature, kind, character or description thereof may be to which I die seized and possessed or have an interest therein at the time of my death.

It is intended hereby to pass to my wife, Rhonda Reeves Caviness, my entire estate, the same to be hers fully, finally and absolutely in fee simple forever.

## ITEM III

In the event my wife, Rhonda Reeves Caviness, should predecease me, then in that event, I give, devise and bequeath all of my real and personal property as set forth in Item II above to my children, Dallas Christopher Caviness and ~~D.C.~~ share and share alike, per stirpes.

## ITEM IV

I hereby nominate and appoint my wife, Rhonda Reeves Caviness, as Executrix of this my Last Will and Testament and exempt her from making or

GEORGE WALTER CAVINESS, JR.

giving bond as such Executrix, and exempt her from making or filing any report, inventory or accounting to any court in connection with the administration of my estate

### ITEM V

In the event my wife, Rhonda Reeves Caviness, should predecease me or be unable to serve, then in that event I nominate and appoint Robert William Caviness as the alternate Executor of this my Last Will and Testament and exempt him from making or giving bond as such Executor, and exempt him from making or filing any report, inventory or accounting to any court in connection with the administration of my estate.

### ITEM VI

In the event my wife, Rhonda Reeves Caviness, should predecease me, then in that event I hereby request and direct that Jimmy A. Reeves and Joyce Reeves be appointed as the Guardians of my children, if they are at the time of my death under the disability of non-age and that Jimmy A. Reeves and Joyce Reeves be awarded the care and control of my children. Said appointment as such Guardians shall be made by proper order of a court of competent jurisdiction and shall meet the requirements of the law relative to the guardianship of minors, in accordance with the laws of the State of Alabama.

SIGNED, SEALED, PUBLISHED and DECLARED by GEORGE WALTER CAVINESS, JR. to be his Last Will and Testament in our presence and we in his presence and at his request and in the presence of each other, have hereunto set our names as witnesses on the day and date hereof.

_Jack Dick_
WITNESS
Address: PO Box 296
Lineville, Al. 36266

_Dorothea L Dick_
WITNESS
Address: Box 296
Lineville, Al. 36266

_George Walter Caviness Jr._
GEORGE WALTER CAVINESS, JR.

I, GEORGE WALTER CAVINESS, JR., the Testator, sign my name to this instrument this _14_ day of _MAY_, 19_95_, and being first duly sworn, do hereby declare to the undersigned authority that I sign and execute this instrument as my Last Will and Testament and that I sign it willingly, that I execute it as my free and voluntary act for the purposes therein expressed, and that I am nineteen years of age or older, of sound mind, and under no constraint or undue influence.

_George Walter Caviness Jr._
GEORGE WALTER CAVINESS, JR.

We, _JACK H. DICK_ and _DOROTHEA DICK_, the witnesses, sign our names to this instrument, being first duly sworn, and do hereby declare to the undersigned authority that GEORGE WALTER CAVINESS, JR., the Testator, signs and executes this instrument as his Last Will and Testament and that he signs it willingly and that each of us, in the presence and hearing of the Testator, hereby signs this will as witness to the Testator's signing, and that to the best of our knowledge the Testator is nineteen years of age or older, of sound mind, and under no constraint or undue influence.

_Jack H. Dick_
WITNESS

_Dorothea W. Dick_
WITNESS

STATE OF ALABAMA          )

CALHOUN COUNTY            )

Subscribed, sworn to and acknowledge before me by GEORGE WALTER CAVINESS, JR., the Testator, and subscribed and sworn to before me by _JACK H. DICK_ and _DOROTHEA DICK_, Witnesses, this _14_ day of _May_, 19_95_.

_Thomas E. ____
NOTARY PUBLIC
My Commission Expires: _March 23, 1998_

_George Walter Caviness Jr._
GEORGE WALTER CAVINESS, JR.

- Page 3 of 3 -

EXHIBIT
**E**

## ENROLLMENT AND INFORMATION CHANGES
### NATIONAL ELEVATOR INDUSTRY BENEFIT PLANS
*(Not to be used for National Elevator Industry 401(k) Plan)*

(Please type or print in ink. Complete entire form)

**PLEASE READ REVERSE SIDE**

[ ] Helper- New to Trade
[ ] Retired   [ ] Active Employee
[ ] Address Change-This does not require Notarization
[ ] Dependent Add or Change-Provide required documentation-(SEE REVERSE SIDE)
[X] Beneficiary Add or Change

Employee Name: _George W. Cariness Jr._   Soc.Sec.No. _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_
Address _4647 Cades Cove Dr._
City _Brookomdale_   State _AL_   Zip Code _35071_
Birth Date _1-17-62_   Hire Date ____   Union Local No. _24_   Home Telephone No. _(205)223-9872_

Failure to list eligible dependents and to supply required documentation may result in a denied Health Plan claim. False information may result in loss of eligibility and/or prosecution. (Spouses, children under age 19, full-time students under age 25, handicapped or disabled children are eligible dependents.)

### Eligible Dependents

| Last Name | First | Initial | Soc. Sec. No. | M/F | Date of Birth Month/ Day/Year | Relationship |
|-----------|-------|---------|---------------|-----|-------------------------------|--------------|
| Cariness | George | W. | 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 | M | 1-17-62 | Self |
| D. C. | | | | | 4-2-92 | Son |
| | | | | | | |
| | | | | | | |

### Beneficiary Information

Name _Robert William Cariness_   Soc. Sec. No. _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_
Address _15 High Ridge # court_   Date of Birth _4-20-64_
City _Vestavia_ AKA   State _AL_   Zip _35043_
Relation to Employee _Brother_   Share _100_%   Home, Phone No. _(890___0006_

### Beneficiary Information

Name ____   Soc. Sec. No. ____
Address ____   Date of Birth ____
City ____   State ____   Zip ____
Relation to Employee ____   Share ___%   Home Phone No. (___) ____

### (FOR ADDITIONAL AND/OR CONTINGENT BENEFICIARIES USE SEPARATE SHEET)

I hereby designate the above to be beneficiary of any benefits due from the National Elevator Industry Pension and Health Benefit Plans. This designation revokes any prior designation inconsistent herewith. I reserve the right to change the beneficiary at my discretion and understand that any change is not effective unless this form is properly completed and received by the Benefits Office. If more than one beneficiary is named, payment shall be made in equal shares unless otherwise stated.

_George W. Cariness Jr._   Date _December 13, 2004_
Signature of Employee

Sworn to or affirmed and subscribed before me, a Notary Public, this _13_ day of _December_ _2004_

_White Elbert_
Notary Public

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Feb 1, 2006
BONDED THRU NOTARY PUBLIC UNDERWRITERS

Complete and Return Immediately to the National Elevator Industry Benefits Office at:
19 Campus Blvd. Suite 200
Newtown Square PA 19073-3288

RS000005