**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, | : : : |
| Plaintiff, | : CASE NO. 2:08-cv-162-MEF : |
| v. | : : |
| DALLAS CAVINESS, D.C. c/o RHONDA CAVINESS, *et al.*, | : : : |
| Defendants. | : |

**PLAINTIFF'S ADDITIONAL BRIEFING
TO ITS MOTION TO DISMISS FROM INTERPLEADER**

Pursuant to the Order issued by the Court on August 7, 2008 requiring Plaintiff to file additional briefing on the issue of whether it would be appropriate for the Court to dismiss Plaintiff from this interpleader action, Plaintiff respectfully submits this brief in support of its Motion to Dismiss from Interpleader. As of the filing of this pleading, the defendants have not filed any opposition to the dismissal of the Plaintiff from this case.

Plaintiff is the Board of Trustees of an "employee pension plan" and "employee benefit plan" as those terms are defined under 29 U.S.C. §§ 1002(2)(A) & (3).

The deceased, George Caviness, was a participant in the NEI Pension Fund. Upon his death on January 25, 2007, his beneficiary under the NEI Pension Plan became entitled to a Pre-Retirement Death-in-Service Benefit in the monthly amount of $1,113.57. Pursuant to Section 6.04(a) of the NEI Pension Plan, "[t]he Pre-Retirement Death-in-Service Benefit will

be paid monthly for a period of ten (10) years or until the death of the designated beneficiary, whichever occurs first."

Plaintiff filed a Complaint in Interpleader on March 7, 2008 to resolve the competing interests of Defendants to the Pre-Retirement Death-in-Service Benefit payable on behalf of the death of Participant George Caviness. On May 7, 2008, Plaintiff also filed a Motion to Approve Deposit of Pension Benefit Proceeds. Coincident with the filing of this Motion, Plaintiff filed with the Court checks totaling $15,589.98, which represented the amount of the monthly Pre-Retirement Death-in-Service Benefit payable from February 2007 through and including March 2008. The Court granted Plaintiff's Motion on March 12, 2008. (Doc. 5.)

The federal statute governing interpleader directs that the plaintiff shall deposit "such money . . . or the amount due under such obligation" into the registry of the court. 28 U.S.C. § 1335(a)(2). This statute is to be liberally construed in order to protect the stakeholder from both the expense and risk of double litigation. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533 (1967).

Plaintiff filed this interpleader action due to the competing claims of Defendants, that each is the rightful designated beneficiary to receive the pension benefit payable as a result of the Participant's death. As stated above, this benefit is payable "monthly." Plaintiff has deposited with the Court the monthly pension payments since the Participant's death in the total amount of $21,157.83. Consequently, Plaintiff has deposited the "amount due" to date under the interpleader statute.

Furthermore, Section 404(a)(1)(D) of ERISA, 29 U.S.C. § 1104(a)(1)(D), states in relevant part that a "fiduciary shall discharge his duties with respect to a plan . . . in accordance with the documents and instruments governing the plan. . . ." Section 6.04(a) of the NEI Pension

Plan provides that the Pre-Retirement Death-in-Service Benefit will be paid on a monthly basis. The NEI Pension Plan does not provide for a lump sum form of payment for the Benefit. As there is uncertainty as to whether the beneficiary will survive a ten-year period after payments have commenced, the Plan provides for the benefit to be paid monthly, until the death of the beneficiary or the expiration of a ten-year period, whichever occurs first. Since the NEI Pension Plan does not provide for a lump sum payment, only monthly payments, this is the only manner in which the benefit may be paid. *See Liberty Life Assurance Co. v. Kennedy*, 358 F.3d 1295, 1302 (11th Cir. 2004) (an award of benefits under an ERISA plan is governed by the language of the plan itself). In a similar case involving the distribution of survivor benefits from an ERISA plan, the Court granted the plan's dismissal from the case even though the competing claimants had different monetary values for their respective claims since one claimant, should she prevail, would receive a greater sum of benefits because of a longer life expectancy. *See Croskey v. Ford Motor Company-UAW, et al.,* 2002 WL 974827 *9 n. 15 (S.D. N.Y. 2002). Thus, even though additional benefits may be due, that fact alone will not bar the dismissal of the Plan from this case.

Based upon the foregoing, the amount Plaintiff has deposited with the Court monthly to date represents the full amount currently due. Plaintiff will, nevertheless, continue to deposit monthly payments into the Court, as set forth below and in accordance with its obligations under the Plan. The Plaintiff has no objection to a discharge from the case conditioned upon its continued compliance with the deposit of the monthly proceeds reflected in an appropriate Court order. Therefore, dismissal of Plaintiff from this action is warranted.

WHEREFORE, Plaintiff, a disinterested party, hereby respectfully requests that the Court dismiss it as a party from this action with prejudice, and discharge Plaintiff from all

liability on account of the matters relating herein, subject to payment of the pension benefit under the terms of the NEI Pension Plan to the proper beneficiary as determined by the Court. Plaintiff will continue to deposit with the Court the monthly pension benefit during the period of determination by the Court. Upon issuance by the Court of a determination as to who is the rightful designated beneficiary, Plaintiff will pay the pension benefit to that beneficiary until either the expiration of the 10-year term or the death of the beneficiary, whichever occurs first. Furthermore, Plaintiff requests that the Court permanently enjoin Defendants from initiating or prosecuting any proceeding against Plaintiff in any state or United States court, including this Court, either at law or in equity, arising out of or relating to the Pre-Retirement Death-in-Service Benefit herein. Finally, Plaintiff respectfully requests the Court to cause Defendants to settle themselves their respective rights to the amounts deposited with the Court.

Respectfully submitted,

Dated: August 14, 2008        By:    /s/ George N. Davies_____
George N. Davies
Alabama Bar No. ASB-3923-A63G
Nakamura, Quinn, Walls, Weaver &
 Davies LLP
2700 Highway 280 East, Suite 380
Birmingham, AL  35223
(205) 870-9989 - telephone
(205) 803-4143 - facsimile
gdavies@nqwlaw.com – email

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    John W. Dodson, Esq.
    Ferguson, Frost & Dodson, LLP
    2500 Action Rd., Suite 200
    P.O. Box 430189
    Birmingham, Alabama  35243

    Thomas Claunch, Esq.
    Harding & Claunch
    2800 Zelda Road, Suite 100-9
    Montgomery, Alabama  36106

    Terrie Biggs, Esq.
    Capell & Howard, P.C.
    150 South Perry Street
    P.O. Box 2069
    Montgomery, Alabama  36102-2069


                                          /s/ George N. Davies_____
                                          George N. Davies