IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:08-cv-162-MEF |
| DALLAS CAVINESS, D.C. c/o RHONDA CAVINESS, AND ROBERT W. CAVINESS, | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS RHONDA CAVINESS PIERCE'S AND DALLAS CAVINESS' REPLY TO ROBERT W. CAVINESS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

COME NOW Dallas C. Caviness and Rhonda Caviness (in her capacity as guardian for D.C., a minor) (hereinafter the "Caviness Defendants"), Defendants in the above-styled Complaint in Interpleader, by and through counsel, and hereby submit to this Honorable Court their Reply to Defendant Robert W. Caviness' Response to Motion for Summary Judgment stating as follows:

1. **Robert Caviness misinterprets the Caviness Defendants' argument regarding George W. Caviness, Jr.'s waiver of National Elevator Industry benefits.**

Robert Caviness goes to great lengths in his Response to Motion for Summary Judgment to demonstrate that George W. Caviness, Jr. was eligible for benefits under both the National Elevator Industry (hereinafter "NEI") Health Benefit Plan and Pension Plan; each plan distinct and independent of the other. This is a fact readily conceded by the Caviness Defendants. The $40,000 life insurance policy provided by Reliastar Insurance Company was a group policy offered to eligible participants under the NEI

Health Benefit Plan, whereas the Pre-Retirement Death-in-Service benefit was a product of the NEI Pension Plan. Robert Caviness also argues that George W. Caviness, Jr. was under no obligation based on the divorce agreement to name the Caviness Defendants as beneficiaries of his pension benefits under the NEI Pension Plan. The Caviness Defendants concede this point as well.[1]

The Caviness Defendants do not allege that George W. Caviness, Jr. waived his right to designate the beneficiary of his pension benefits under the NEI Pension Plan through the divorce agreement. Rather, the Caviness Defendants point out that at the time of George W. Caviness, Jr.'s death, there was no designated beneficiary form on file with the NEI Pension Fund. (Complaint in Interpleader, ¶ 14) And, pursuant to the NEI Pension Plan, Section 6.04(b)(2), if "…the Employee has not filed a Designation Form with the Pension Fund, the death benefit shall be paid to the first primary beneficiary listed on the Employee's Designated Beneficiary form for life insurance benefits from the National Elevator Industry Health Benefit Plan." (Complaint ¶ 13)

On December 13, 2004, George W. Caviness, Jr. designated his brother, Robert W. Caviness, as the beneficiary of his life insurance benefits under the Group Policy. (Complaint in Interpleader, ¶ 15 and Complaint in Interpleader, Exhibit 2) However, as discussed at length in the Motion for Summary Judgment, George W. Caviness, Jr. had no right to make this designation. George W. Caviness, Jr., through the divorce agreement, waived the right to designate anyone other than his children as beneficiary of

---

[1] We also note Robert Caviness argues that George W. Caviness, Jr. specifically retained sole title and possession to his pension and profit sharing plans pursuant to ¶7(e) of the Agreement of the Parties, as incorporated in the Final Judgment of Divorce, and Rhonda Caviness Pierce renounced any interest in the pension benefits under the same agreement. However, the implications of such an argument are irrelevant given that Rhonda Caviness Pierce seeks the pension benefits only in her capacity as the guardian of D.C., a minor.

life insurance provided through his employer. *Lewis v. Bice*, U.S. Dist. LEXIS 21560 (M.D. Ala. 1997). Therefore, any beneficiary designation made contrary to the divorce agreement is a nullity. See, e.g., *Prudential Insurance Co. of America v. Boyd*, 781 F. 2d 1494 (11th Cir. 1986). The Caviness Defendants have cited case law to support this position. It is worthy to note that Robert Caviness failed to address these cases. As the proper beneficiaries of the life insurance benefits and without the prescribed designated beneficiary form on file with the NEI Pension Fund, the Caviness Defendants are entitled to the Pre-Retirement Death-in-Service benefits pursuant to NEI Pension Plan, section 6.04(b).

**2. Robert Caviness is not entitled to pension benefits.**

What is not clear in Robert Caviness' Response is whether he acknowledges that George W. Caviness, Jr. failed to fill out and submit a designated beneficiary form with the NEI Pension Fund. In footnote 1 and on page 11, 2nd full paragraph, Robert Caviness suggests this undisputed statement of fact is true. However, he also argues that NEI acknowledges Robert Caviness was George W. Caviness' designated beneficiary for the Pre-Retirement Death-in-Service benefits on page 12, 2nd paragraph.

It is important to clarify that two separate forms are at issue in this case. There is the NEI Benefits Office general Enrollment and Information Changes form and the NEI Pension Fund Designation Form for Pre-Retirement Death-in-Service Benefit for Designated Beneficiary of an Unmarried Active Member.[2] It is the latter form that is required to designate a beneficiary of the Pre-Retirement Death-in-Service Benefits, stating in pertinent part "…that this designation is not effective unless <u>this form</u> is

---

[2] The NEI Pension Fund Designation Form for Pre-Retirement Death-in-Service Benefit for Designated Beneficiary of an Unmarried Active Member can be found on-line at www.neibenefits.org/members. A copy of the form and accompanying instructions is attached hereto as **Exhibit A**.

{W0211401.1}

3

properly completed and received by the NEI Benefits Office." (Exhibit A) (emphasis added.) Furthermore, the language in section 6.04(b)(2) of the NEI Pension Plan refers to the two separate beneficiary designation forms, pension and life insurance, when describing how the Pre-Retirement Death-in-Service beneficiary is determined. (Complaint, ¶ 13)

Robert Caviness claims to be the named beneficiary for the Pre-Retirement Death-in-Service benefits notwithstanding the National Elevator Industry's acknowledgement that no beneficiary designation form was on file with the Pension Fund at the time of George W. Caviness, Jr.'s death. Robert Caviness argues it was George W. Caviness, Jr.'s intent to name Robert Caviness as beneficiary of the Pre-Retirement Death-in-Service benefits.

Robert Caviness relies on his own self-serving statement to place this purported statement into evidence. George W. Caviness, Jr.'s intent is irrelevant. The terms of the NEI Pension Plan prescribe how a participant is to name a beneficiary of his Pre-Retirement Death-in-Service benefits. (Complaint, ¶ 12) George W. Caviness, Jr. ignored or otherwise failed to follow the proper procedure by not filing the designation in writing with the Trustees on the form prescribed by the Trustees. (Complaint, ¶ 14)

Robert Caviness also attempts to argue his status as beneficiary of the Pre-Retirement Death-in-Service benefits was acknowledged by the NEI Pension Plan in various correspondences to the parties. However, these items of correspondence are inadmissible hearsay and cannot be considered on summary judgment. See, e.g., *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999). Assuming, arguendo, the items of correspondence are admissible, they are irrelevant. The February 26, 2007 letter to Robert Caviness states only that Robert may be entitled to benefits as a result of his brother's death.

{W0211401.1}

Furthermore, the June 8, 2007 letter to Rhonda Caviness Pierce merely describes the conflicting claims made by the respective parties and alerts her to the eventual interpleader suit to determine the proper beneficiary.

Robert Caviness correctly points out in his brief that the party claiming to be the designated beneficiary of the Pre-Retirement Death-in-Service benefits has the burden of proving such designation. The NEI Pension Plan states in section 6.04(b)(1),

> It shall be the responsibility of the individual who claims to be the designated beneficiary to demonstrate that a designation or change has been so received by the Trustees if Fund records do not reflect such designation or change.

(Complaint, ¶ 12) Robert Caviness claims in his brief to be the designated beneficiary of the disputed benefits; however, he has produced no admissible evidence that a prescribed beneficiary designation form, designating him as beneficiary, was ever on file with the Pension Fund.

The language of the Pension Plan is clear, if no beneficiary is designated for the Pre-Retirement Death-in-Service benefits, payment is to be made to the beneficiary of the life insurance benefits from the NEI Health Benefit Plan. Because Robert Caviness' designation as beneficiary of the life insurance benefits is nullified by the Final Judgment of Divorce and incorporated property settlement agreement, the Caviness Defendants are the beneficiaries of the insurance proceeds. Therefore, the Caviness Defendants, not Robert Caviness, are entitled to the Pre-Retirement Death-in-Service benefits.

### 3. The Caviness Defendants' dependency status is irrelevant.

Robert Caviness argues Dallas Caviness' claim for the pension benefits would be disallowed because he does not qualify as an eligible dependant as that term is defined on the Enrollment and Information Changes form. However, Robert Caviness does not

reference any language from the NEI Pension Plan or otherwise demonstrate how Dallas' majority status impacts his claim for the Pre-Retirment Death-in-Service benefits in any way. Of course, Robert Caviness does not mention D.C. As a minor, D.C. would qualify, and, in fact, is named as an eligible dependant.

However, the Caviness Defendants' argument regarding the Pre-Retirement Death-in-Service benefits does not rely on Dallas' being an eligible dependent. For the sake of brevity, the Caviness Defendants incorporate the argument as set forth in their Motion for Summary Judgment.

WHEREFORE, the Caviness Defendants respectfully request that this Court (1) grant judgment in their favor against remaining interplead Defendant Robert W. Caviness; and (2) enter orders, in accordance with their pleadings, establishing their right to the subject pension fund benefits, and award the Caviness Defendants all other relief to which they are entitled.

DATED this the 19th day of August 2008.

/s/ John W. Dodson
John W. Dodson (ASB-9724-D65J)
*Attorney for Rhonda Caviness Pierce and Dallas Caviness*

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243-0189
205-879-8722 - phone
205-879-8831 - fax

## **CERTIFICATE OF SERVICE**

      This is to certify that on this the 19th day of August 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

George Davies, Esq.
NAKAMURA, QUINN, WALLS, WEAVER & DAVIES, LLP
Lakeshore Park Plaza, Suite 130
2204 Lakeshore Drive
Birmingham, Alabama 35209

Terrie. S. Biggs, Esq.
CAPELL & HOWARD, P.C.
150 South Perry Street
Post Office Box 2069
Montgomery, Alabama 36102-2069

Thomas H. Claunch, III, Esq.
HARDING & CLAUNCH, LLC
2800 Zelda Road, Suite 100-9
Montgomery Alabama, 36106

                                              /s/ John W. Dodson
                                              OF COUNSEL



National Elevator Industry Benefit Plans
19 Campus Blvd., Suite 200 Newtown Square, PA  19073-3288
1-800-523-4702


Re:   Limited Pension Benefit for Designated Beneficiary of
      Vested Unmarried Member Who Dies While in Service

Dear Member:

If you are unmarried, you will need to complete the enclosed Designation of Beneficiary form and return it to the Benefits Office as soon as possible. If you are married the form does not apply to you.

On the enclosed form you are to name a primary beneficiary and a contingent or alternate beneficiary, in the event the primary beneficiary predeceases you, to receive a pension if you die prior to retirement and while in service in the elevator industry.

The pension benefit to which the enclosed form applies is as follows:  If an unmarried active member dies prior to retirement and is vested in the Plan, his or her surviving designated beneficiary will receive an annuity equal to 50% of the deceased member's accrued benefit for a period of 10 years or until the death of the beneficiary, whichever occurs first. The benefit will be calculated as if the member retired on a Normal Retirement Benefit in the Straight Life form.   The beneficiary can only be one person and not an estate or a trust.

If you have any questions, please call this office.

Sincerely yours,

Plan Administrator
for Board of Trustees

# NATIONAL ELEVATOR INDUSTRY PENSION PLAN
## DESIGNATION FORM FOR PRE-RETIREMENT DEATH-IN-SERVICE BENEFIT
## FOR DESIGNATED BENEFICIARY OF AN UNMARRIED ACTIVE MEMBER
(Only to be used for unmarried active participants in electing a beneficiary for pre-retirement benefit)

(Please type or print in ink – Complete entire form)

Employee Name _____   Soc. Sec. No. _____ - ____ - _____

Address _____   Home Telephone No. _____

City _____   State _____   Zip Code _____

Birth Date _____   Hire Date _____   Union Local No. _____

---

## BENEFICIARY INFORMATION

**PRIMARY BENEFICIARY (One Person only - may not be an Estate or a Trust)**

Name _____   Soc. Sec. No. _____ - ____ - _____

Address _____   Date of Birth _____

City _____   State _____   Zip Code _____

Relation to Employee _____   Home Telephone No. _____

---

**ALTERNATE BENEFICIARY (One Person only** – In the event the Primary Beneficiary Predeceases the Employee)

Name _____   Soc. Sec. No. _____ - ____ - _____

Address _____   Date of Birth _____

City _____   State _____   Zip Code _____

Relation to Employee _____   Home Telephone No. _____

---

I swear or affirm that I am unmarried and hereby designate the above to be beneficiary of the pre-retirement benefit due from the National Elevator Industry Pension Plan. This designation revokes any prior designation inconsistent herewith. I understand that this designation is not effective unless this form is properly completed and received by the NEI Benefits Office. I reserve the right to change the beneficiary at my discretion and understand that any change is not effective unless this form is properly completed and received by the NEI Benefits Office. **I understand that only one person can be named to receive this benefit, that I cannot name an Estate or Trust to receive this benefit and that this form becomes invalid if I subsequently marry.**

_____   _____
Signature of Employee                         Date

Sworn to or affirmed and subscribed before me, a Notary Public, this _____ day of _____, 20____

_____
Notary Public

---

Complete and Return Immediately to the National Elevator Industry Benefits Office at:
19 Campus Blvd., Suite 200
Newtown Square, PA  19073-3288

## PRE-RETIREMENT DEATH IN SERVICE BENEFIT FOR
## BENEFICIARY OF UNMARRIED ACTIVE MEMBERS

This form is needed to ADD or CHANGE a beneficiary for the Pre-Retirement Death In Service Benefit for Unmarried Active Members. The Pension Plan provides that if an unmarried active member dies prior to retirement and is vested in the Plan, his or her surviving designated beneficiary will receive an annuity equal to 50% of the deceased member's accrued benefit for a period of 10 years or until the death of the beneficiary, whichever occurs first. The benefit will be calculated as if the member retired on a Normal Retirement Benefit in the Straight Life form.

### COMPLETION FORM GUIDELINES

- Complete this entire form
- This form must be notarized and received by the NEI Benefits Office to be effective.

ANY PERSON WHO FILES THIS FORM CONTAINING FALSE, INCOMPLETE OR MISLEADING INFORMATION MAY BE GUILTY OF A CRIMINAL ACT PUNISHABLE UNDER LAW AND MAY LOSE NEI BENEFITS.