**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:08-cv-162-MEF |
| DALLAS CAVINESS, D.C. c/o RHONDA CAVINESS, AND ROBERT W. CAVINESS, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION TO STRIKE
EVIDENCE SUBMITTED BY DEFENDANT ROBERT CAVINESS IN RESPONSE TO
MOTION FOR SUMMARY JUDGMENT**

**COME NOW** Dallas C. Caviness and Rhonda Caviness (in her capacity as guardian for D. C., a minor) (hereinafter the "Caviness Defendants"), Defendants in the above-styled Complaint in Interpleader, by and through counsel, and hereby move to strike Exhibits 7 and 11 to Defendant Robert Caviness' Response to Motion for Summary Judgment as follows:

1. On July 25, 2008, the Caviness Defendants moved for summary judgment.

2. On August 12, 2008, Robert Caviness, pursuant to the Court's submission order, filed its response to the Caviness Defendants' motion. Included among the exhibits to the response were purported letters from the National Elevator Industry Benefit Plans, (see Exhibits 7 and 11 to Robert Caviness' Response to Motion for Summary Judgment) in support of the argument that Robert Caviness was designated by George W. Caviness, Jr. as beneficiary of the Pre-Retirement Death-in-

Service benefits. The exhibits are improperly before the court and are due to be stricken from the record.

3. In essence, as presented, the letters are inadmissible at trial and cannot be considered in opposition to the Caviness Defendants motion for summary judgment. "In considering a summary judgment motion, a court may only consider evidence that is admissible or that could be presented in an admissible form." *Denney v. City of Alabany*, 247 F.3d 1172, 1189 n. 10 (11th Cir. 2001). To meet this requirement "under Fed.R.Evid. 901(a), documents must be properly authenticated as a condition precedent to their admissibility 'by evidence sufficient to support a finding that the matter in question is what its proponent claims.'" United States v. Siddiqqui, 235 F.3d 1318, 1322 (11th Cir. 2000).

4. In the present case, neither Exhibit 7 or 11 are properly before the Court. In the first instance, both exhibits are unauthenticated by anybody testifying on behalf of Robert Caviness. The only evidence concerning the origination of these exhibits is the declaration of Robert Caviness' counsel. The non-existent evidentiary basis for these exhibits is by itself sufficient grounds to strike both.

5. Moreover, even if the Court were satisfied as to the authenticity of these exhibits in general, there is another insurmountable evidentiary flaw in Robert Caviness' offering: the letters are inadmissible hearsay. Both Exhibits 7 and 11 are letters from the National Elevator Industry Benefit Plan describing or discussing the entitlement of pension benefits. Robert Caviness attempts to introduce the letters to prove his entitlement. In other words, Robert Caviness attempts to introduce the letters to prove the matter asserted. Of course, it fits the very definition of hearsay. An out of court statement, offered in evidence to prove the truth of the matter asserted. Fed. R.

Evid. 801(c).

WHEREFORE, premises considered, the Caviness Defendants respectfully request this Court strike Exhibits 7 and 11 attached to Robert Caviness' Response in to the Motion for Summary Judgment.

DATED this the 19th day of August 2008.

/s/ John W. Dodson
John W. Dodson (ASB-9724-D65J)
*Attorney for Defendants, Rhonda Caviness Pierce and Dallas Caviness*

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243-0189
205-879-8722 - phone
205-879-8831 - fax

{W0211452.1}

3

## CERTIFICATE OF SERVICE

This is to certify that on this the 19th day of August 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

George Davies, Esq.
NAKAMURA, QUINN, WALLS, WEAVER & DAVIES, LLP
Lakeshore Park Plaza, Suite 130
2204 Lakeshore Drive
Birmingham, Alabama 35209
Tel: (205) 870-9989
Email:

Terrie. S. Biggs, Esq.
CAPELL & HOWARD, P.C.
150 South Perry Street
Post Office Box 2069
Montgomery, Alabama 36102-2069
Tel: (334) 241-8000
tsb@chlaw.com

Thomas H. Claunch, III, Esq.
HARDING & CLAUNCH, LLC
2800 Zelda Road, Suite 100-9
Montgomery Alabama, 36106
Tel: (334) 356-6070
tclaunch@knology.net

/s/ John W. Dodson
OF COUNSEL