IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO.: 2:08-CV-162-MEF<br>)<br>) |
| DALLAS CAVINESS, D.C. c/o RHONDA CAVINESS, et al. | )<br>)<br>) |
| Defendants. | ) |

**DEFENDANT ROBERT W. CAVINESS' RESPONSE
TO MOTION TO STRIKE EVIDENCE**

COMES NOW Robert W. Caviness (hereinafter referred to as "R. Caviness") in the above-styled complaint in interpleader, by and through attorney, and hereby responds to Motion to Strike filed by Dallas C. Caviness and Rhonda Caviness (in her capacity as guardian for D.C., a minor) (hereinafter referred to as the "Caviness Defendants"), and shows as follows:

**I. BACKGROUND**

On August 12, 2008, Defendant Robert Caviness filed his response to the Caviness Defendants' Motion for Summary Judgment filed July 25, 2008. R. Caviness' exhibits included two letters from the National Elevator Industry Benefits Plan to Robert Caviness and Rhonda Caviness (Exhibits 7 and 11) to which the Caviness Defendants filed a Motion to Strike as improperly before the court. R. Caviness alleges that the exhibits are properly before this court as admissible evidence.

## II. ARGUMENT

**A.  THE COURT MAY CONSIDER EVIDENCE THAT COULD BE PRESENTED IN ADMISSIBLE FORM AT TRIAL.**

The Caviness Defendants argue that the letters are inadmissible at trial and cannot be considered in opposition to the Caviness Defendants' Motion for Summary Judgment. However, R. Caviness argues that the letters could be presented in an admissible form at trial. Exhibit 7 is a letter sent to Robert Caviness from the Plaintiff, National Elevator Industry on their letterhead, dated and with the author of the letters contained therein. Exhibit 11 is a correspondence from the Plaintiff, NEI, on their letterhead dated June 8, 2007, to Defendant Rhonda Caviness. Both letters could easily be authenticated by a representative of NEI, the Plaintiff in this case, at trial. "Inadmissible hearsay may sometimes be considered by a court ruling on a motion for summary judgment," *Church of Scientology Flag Service Org., Inc. v. City of Clearwater,* 2 F.3d 1514 (11th Cir. 1993). The court in the *Church of Scientology* found that newspaper articles and other various materials submitted by Scientology and which tended to show sectarian motivation were appropriately submitted by the non-party in opposition to the motion for summary judgment. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 319, 324, 106 S.Ct. 2548, 2551, 2553 (1986) (non-moving party opposing motion for summary judgment with hearsay documents need not "produce evidence in a form that would be admissible at trial in order to avoid summary judgment"); see also *Offshore Aviation v. Transcon Lines, Inc.*, 831 F.2d 1013, 1015 n. 1 (11th Cir. 1987)(per curium)("the claim by [the moving party] that the letter is inadmissible hearsay does not undercut the existence of any material facts the letter may put into question.").

The Caviness Defendants relied on the holding in *Denney v. City of Albany,* 247 F.3d 1172, 1189 n.10 (11th Cir. 2001) in arguing against the admissibility of the exhibits. However,

*Denney* presents quite a different type of evidence than at issue in this matter. In *Denney*, an employment discrimination case, the objectionable evidence was that of prior bad acts of the defendant which occurred two years prior the case at hand to prove that the defendants engaged in racial discrimination. In rejecting the evidence in *Denney,* the Eleventh Circuit held that generally, "courts are reluctant to consider 'prior bad acts' in this context where those acts do not relate directly to the plaintiffs." *Denney* at 1189. The district judge concluded that the outcome of the prior discrimination case did not constitute meaningful evidence of discrimination in the *Denney* case, and therefore insufficient to push the plaintiffs past summary judgment. While noting that it was not clear whether the prior bad acts in *Denney* would be admissible under F.R.Evid. 401, 403 and 404(b), "the court may only consider evidence that is admissible or that could be presented in an admissible form." The Caviness case creates a much different question of admissibility based upon the type of exhibit in question. In Caviness, the evidence at issue, a letter to Defendants from the Plaintiff, can be made admissible at trial, unlike the character evidence at question in *Denney*.

Thus, because the letters from the Plaintiff company (NEI) could be authenticated at trial, Exhibits 7 and 11 can be considered by the trial court in Robert Caviness' Response to Motion for Summary Judgment.

      B.    **<u>EXHIBITS 7 AND 11 ARE NOT HEARSAY.</u>**

The Caviness Defendants further object to the exhibits as hearsay. Rule 801(c) of the Federal Rules of Evidence defines hearsay as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." A statement can be an oral or written assertion. F.R.Evid. 801(a) and 801(c).

In their Motion for Summary Judgment, the Caviness Defendants state as an undisputed fact that "George Caviness did not designate a beneficiary of his pre-retirement, death and service benefits as prescribed by the fund." (Motion for Summary Judgment, p.8) The purpose of submitting the letters as exhibits was not to establish entitlement to the benefits nor the existence of a dispute regarding the proper beneficiary. Those issues are properly before this court as a result of the present Interpleader action. Rather, the exhibits show that George Caviness did own the pension fund benefits at the time of his death despite the missing enrollment form or NEI's misplacement of the beneficiary form. The purpose of submitting the correspondences was other than to prove the truth of the matter asserted, and therefore was not hearsay.

Further, in their Motion for Summary Judgment, the Caviness Defendants attempt to treat the two policies as one, thereby vesting entitlement to George Caviness' insurance benefits to them. Exhibit 7 was presented as evidence, not that Robert Caviness "may be entitled to the following benefits:", but that they considered the life insurance benefit of $40,000 and the monthly pension benefit to be two separate insurance plans with two separate provider companies with two separate methods of payout and to be paid separately at separate times. Therefore, Exhibit 7 was not offered for the truth of the matter asserted and therefore excluded from the hearsay rule.

Further, Exhibit 11 also evidences NEI's position that George Caviness' insurance plans, valid and payable at the time of his death, were two separate benefit plans. The substance of the letter, that there were competing claims for the benefits and NEI's plan to file an interpleader in this action, was not the information Robert Caviness offered as the purpose of using the correspondence as an exhibit. The fact that there were competing claims for the benefits is

clearly established and need not be offered to this court. Therefore, Exhibit 11 was not offered for the truth of the matter asserted and is therefore excluded from the hearsay rule.

    C.    **EXHIBITS 7 AND 11 FALL WITHIN EXCEPTIONS TO THE HEARSAY RULE.**

    1.    Exception 801(d)(2)

Should the court determine that the exhibits in question are not excluded by the hearsay rule, they should be admitted as a hearsay exception. According to Rule 801(d)(2), a statement is not hearsay if "the statement is offered against a party and is (A) the party's own statement in either an individual or representative capacity or…(C) a statement by a person authorized by the party to make a statement concerning the subject or (D) a statement made by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship…" F.R.Evid. 801(d)(2). Clearly, the purported correspondences were made by the Plaintiff, admitting that the Plaintiff, NEI, owed benefits on behalf of the deceased to the deceased member's beneficiary. The decision of the Plaintiff to honor the policy (despite contentions that there existed no enrollment form on file with the company) served as a financial detriment to the Plaintiff. Therefore, Exhibits 7 and 11 are due to be excluded as an exception to the hearsay rule.

    2.    Exception 803(6) Business Records

The exhibits are not excluded by the hearsay rule as records of regularly conducted activity, defined as "a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other

qualified witness, unless the source of information or the method or circumstances of the appropriation concluded indicate lack of trustworthiness." F.R.Evid. 803(6)

Exhibit 7 was a correspondence from the NEI to Robert Caviness indicating the type of benefits to which he may be entitled. Evidence of this as a regularly conducted practice was the fact that the letter was a form listing six separate types of benefits with which the accounting associate marked only those benefits to which Robert Caviness may be entitled. This type and form of a letter appears to be regularly sent by the company to beneficiaries of their various plans. Further, the letter indicated that forms were enclosed for Mr. Caviness to complete and return along with the death certificate. The form nature of this correspondence indicates that NEI employs this type of communication in their regular course of business at the time of a member's death. Therefore, Exhibit 7 should be excluded as hearsay under the Business Records exception.

For the above-stated reasons, Defendant Robert Caviness asserts that Exhibits 7 and 11 are properly before this court to support his Response to Motion for Summary Judgment and respectfully requests this court to deny the Caviness Defendants' Motion to Strike.

Respectfully submitted this the 3rd day of September, 2008.

                                                        */s/ Terrie S. Biggs*
                                                        **TERRIE S. BIGGS (BIG006)**
                                                        **THOMAS W. CLAUNCH (CLA086)**
                                                        Attorneys for Defendant,
                                                        Robert W. Caviness

**Terrie S. Biggs**
**CAPELL & HOWARD, P.C.**
150 South Perry Street
Post Office Box 2069

Montgomery, Alabama 36102-2069
Telephone: (334) 241-8000
Facsimile: (334) 241-8291
tsb@chlaw.com

**Thomas H. Claunch, III, Esq.**
**HARDING & CLAUNCH, LLC**
2800 Zelda Road, Suite 100-9
Montgomery, AL  36106
Telephone: (334) 356-6070
Facsimile: (334) 356-6040
tclaunch@knology.net

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2008, I electronically filed the foregoing with the Clerk of the Court, which will send notification of such filing to the following:

George N. Davies
Nakamura, Quinn, Walls, Weaver & Davies
2204 Lakeshore Drive
Lakeshore Park Plaza, Suite 130
Birmingham, AL  35209

John W. Dodson
Ferguson Frost & Dodson, LLP
P.O. Box 430189
Birmingham, Alabama  35243-0819

/s/Terrie S. Biggs
**OF COUNSEL**